585 So.2d 757 (1991)
Wayne ROBINSON
v.
STATE of Mississippi.
No. 90-KA-0215.
Supreme Court of Mississippi.
September 4, 1991.
*758 Ed W. Jenkins, Comer & Jenkins, Booneville, for appellant.
Mike C. Moore, Atty. Gen., John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
PITTMAN, Justice, for the Court:

I.
Wayne Robinson was indicted and plead guilty in the Circuit Court of Tishomingo County to the reduced charge of possession of more than one ounce and less than one kilogram of marijuana, and was sentenced by Circuit Judge Thomas J. Gardner, III to three (3) years in the custody of the Mississippi Department of Corrections. This sentence was suspended and Robinson was placed on probation. Robinson was ordered to pay a fine of $2,000.00 and all costs of court, and $4,500.00 in cash in a related civil matter was forfeited to the State.
Within three (3) days Robinson was arrested on similar charges and brought before the Circuit Court. Judge Gardner set aside the first sentence and ordered Robinson to serve a term of three (3) years in the custody of the Mississippi Department of Corrections.
Robinson filed a Motion for Post-Conviction Relief challenging the second sentence on the ground the sentencing court was without jurisdiction, and requesting that the first sentence be reinstated. The Circuit Judge summarily dismissed the motion on January 30, 1990, and Robinson prosecuted this appeal.

II.
The invalidity of the second sentence is asserted on two grounds. First, Robinson alleges that the original sentence was a final judgment signed by the judge, filed and entered in the court's minutes prior to the date of the second sentence. This claim is without merit because the second sentence was imposed during the same court term as the first sentence. Jones v. Index Drilling Co., 251 Miss. 578, 170 So.2d 564, 571 (1965). This Court, citing Bronson v. Schulten, 104 U.S. (14 Otto) 410, 26 L.Ed. 797 (1882), stated the general rule:
... all the judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may then be set aside, vacated, modified or annulled by that court. (emphasis supplied)
Jones, 170 So.2d at 571.
Robinson's next contention assails the validity of the second sentence because it imposed greater punishment than the first. The guilty plea was entered as a result of a plea bargain which included a recommendation by the State that Robinson be given a suspended sentence. The record confirms that Robinson plead guilty because of this recommendation of a suspended *759 sentence. However, Robinson's contention is without consequence because the trial court erred in originally suspending sentence.
The sentencing judge had authority to suspend sentence and place Robinson on probation under the provisions of Miss. Code Ann. § 47-7-33 (1972) "except where the defendant has been convicted of a felony. ..." During plea qualification, Robinson was asked by the sentencing judge if he had a prior felony conviction. He answered, "I had a prior felony conviction." The felony conviction was for the crime of grand larceny in Alcorn County in 1972. The sentencing judge concluded that Robinson was "not technically eligible for suspension" but, nevertheless, followed the State's recommendation and imposed a suspended sentence in spite of that exception.
Hamlin v. Barrett, 335 So.2d 898, 899 (Miss. 1976) involved a similar fact situation distinguishable by the fact that the sentencing judge was not aware that the accused had a prior felony conviction when he imposed a suspended sentence and probation. In fact, the accused answered the judge's question if he was a first offender by replying that his only prior offense was a "traffic ticket." After the sentence, the trial judge learned that the accused had a prior felony conviction for robbery in New York State. With this knowledge, the judge revoked the suspension and probation. This Court stated:
We hold that the court had jurisdiction even though the grant of probation was technically inappropriate.

* * * * * *
This case makes it clear and we stress that before granting probation to defendants convicted of crimes trial judges, prosecutors, and defense counsel must exercise care to see that probation is proper under § 47-7-33, supra. Here, though after developed facts (prior felony conviction) show that probation was improperly and mistakenly afforded Hamlin, ... . (emphasis supplied)
Hamlin, 335 So.2d at 899-900.
There was no misleading Judge Gardner in this case. He knew that Robinson had been convicted of a felony prior to his suspending the sentence and placing Robinson on probation  an act of judicial nullification. The sentence was, therefore, clearly erroneous. See Denton v. Maples, 394 So.2d 895, 897 (Miss. 1981); Royalty v. McAdory, 278 So.2d 464, 467 (Miss. 1973); Freeman v. State, 220 Miss. 777, 72 So.2d 139 (1954); Steadman v. State, 204 Miss. 322, 37 So.2d 357 (1948); Fuller v. State, 100 Miss. 811, 57 So. 806 (1912).

III.
Clearly, § 47-7-33 does not permit suspension of sentence and probation to a defendant with a prior felony conviction. Robinson's suspended sentence and probation was without authority and, therefore, invalid. Because Robinson plead guilty on the improper inducement that he was eligible for a suspended sentence or probation, he is therefore permitted to withdraw his guilty plea and he must be allowed to enter a new plea and offered the opportunity of a new trial. Vittitoe v. State, 556 So.2d 1062, 1065 (Miss. 1990). Accordingly, we reverse the judgment below and restore Robinson's plea of not guilty to the indictment for possession of more than one ounce and less than one kilogram of marijuana and remand for such further appropriate proceedings.
LOWER COURT'S ORDER DENYING POST-CONVICTION RELIEF REVERSED AND REMANDED FOR NEW TRIAL.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and SULLIVAN and BANKS, JJ., concur.
ROBERTSON, J., concurs by separate written opinion, joined by DAN M. LEE, P.J., and SULLIVAN, J.
PRATHER, J., dissents by separate written opinion joined by McRAE, J.
ROBERTSON, Justice, concurring:
Wayne Robinson may well have offended the conditions on which the Circuit Court suspended his three-year sentence, but that Court applied an inappropriate antidote. *760 The Court today pursues the sensible course. Robinson did not incident to his plea give his informed consent that he be given three years to serve, and we appropriately allow him to withdraw his plea and return to square one. In all of this I concur. I write separately because I disagree with the majority's view that the Circuit Court lacked authority to accept Robinson's plea bargain and impose the agreed-upon suspended sentence in the first place. With respect, I find this inconsistent with elementary notions of how law works.
The law conferred upon the prosecution a right to insist that Wayne Robinson not be given a probationary sentence. The prosecution could of right have demanded that the Circuit Court not suspend Robinson's sentence. The majority notes this right and correctly puts its source in the rule found in Miss. Code Ann. § 47-7-33 (1972). That rule empowers the sentencing court to suspend the sentence upon an offense such as felony possession of marijuana "except where the defendant has been convicted of a felony." No doubt Robinson has a prior conviction, his 1972 grand larceny conviction in Alcorn County.
What I fail to see is why all of this should engender the pronunciamento that the statute "does not permit suspension of sentence and probation to a defendant with a prior felony conviction." All Section 47-7-33 does is confer upon the prosecutorial arm of the State of Mississippi a right it may waive. Of course the Circuit Court had jurisdiction in the premises, and Hamlin v. Barrett, 335 So.2d 898, 899 (Miss. 1976), cited by the majority, makes this clear. The Court might exercise that jurisdiction, subject to the rights, powers and duties of the parties, coupled with such waivers as each may see fit to make.
Law at its best yields but a crude approximation of justice. Legislation is by definition human in source and utilitarian in premise and only hopes to hold instances of injustice to an optimally tolerable level. Our law has few general rules that do not work hardship in individual cases. I see no reason on principle why the state may not give duly empowered officials the prerogative of waiving rights law confers upon the state, to the end of individualized justice. The district attorney is by law such an official who is charged "that justice shall be done.... that guilt shall not escape nor innocence suffer." Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314, 1321 (1935).
Every day our circuit courts take guilty pleas and en route take waivers of rights whose sources are infinitely higher in the legal firmament, not the least of which is the pleading accused's right to trial by a fair and impartial jury of his peers. See, e.g., Anderson v. State, 577 So.2d 390, 391-92 (Miss. 1991); Sanders v. State, 440 So.2d 278, 283 (Miss. 1983); Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279 (1969). We enforce those waivers when the defendant tenders them, though they effect damnation and death. See, e.g., Evans v. State, 441 So.2d 520, 523 (Miss. 1983).
If all of this be so, I see no reason why we flinch at the thought the prosecution may waive its rights under Section 47-7-33, or that the Circuit Court may accept and enforce such a waiver. In point of fact, we have long permitted the prosecution to waive such rights, albeit in the form of subterfuge. Think, for example, of reduced charges, decisions not to prosecute, and the like, all a part of the plea bargaining process we have so often held a practical expedient without which the system might not function. See, e.g., Edwards v. State, 413 So.2d 1007, 1012 (Miss. 1982) (quoting Boyington v. State, 389 So.2d 485, 490 (Miss. 1980); Salter v. State, 387 So.2d 81, 83-84 (Miss. 1980); Pearson v. State, 428 So.2d 1361, 1364-65 (Miss. 1983); Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).
To be sure, a party's power to waive otherwise enforceable rights may be entailed, as we have recognized in the case of the accused's waiver of rights incident to a guilty plea, see, e.g., Wilson v. State, 577 So.2d 394 (Miss. 1991), but limitations on *761 the power of waiver must themselves find their source in some rule of law. Consider the (in)famous Federal Sentencing Guidelines. Mistretta v. United States, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). I am aware of no rule which prohibits the prosecution pretermitting subterfuge and negotiating a plea and such sentence as it thinks appropriate, notwithstanding that it be less than the law says it may otherwise insist on. The majority has certainly pointed to no such rule.
DAN M. LEE, P.J., and SULLIVAN, J., concur.
PRATHER, Justice, dissenting:
I respectfully dissent to the majority's holding to reverse and remand for re-sentencing.
Statutory law dictates that, a defendant who is convicted of, or pleads guilty to, possession of more than one ounce and less than one kilogram of marijuana could receive: (1) a fine of not more than $1,000 or a sentence of not more than one year in county jail, or both; or (2) a fine of not more than $3,000 or a sentence of not more than three years in a state penitentiary. MISS. CODE ANN. § 41-29-139(c)(2)(C) (Supp. 1990). This sentence may be suspended  except in cases "where the defendant has been convicted of a felony on a previous occasion." Id. § 47-7-33 (1972).
In the case sub judice, Wayne Robinson pleaded guilty in the Tishomingo County Circuit to possession of more than one ounce and less than one kilogram of marijuana. Pursuant to a plea bargain, Robinson received a fine and a suspended sentence of three years.
Because Robinson disclosed that he had been previously convicted of a felony, suspension of the sentence exceeded statutory parameters. In other words, the trial judge should have rejected the portion of the plea bargain which called for the suspension. This notwithstanding, the judge set aside the suspension upon learning of Robinson's arrest on similar charges, and ordered Robinson to serve the three-year term  which a judge is empowered to do. Leonard v. State, 271 So.2d 445, 447 (1973) ("It follows logically that if a circuit court initially exercises its sentencing power by imposing a sentence and then suspends the execution of that sentence, the court is authorized [by statute] ... to `continue or revoke the probation or suspension of sentence, and may cause the sentence imposed to be executed.'" (emphasis omitted)). In view of the judge's corrective action, the majority's decision to reverse and remand on the basis of the error should be deemed unnecessary.
In sum, I would affirm.
McRAE, J., joins this opinion.