# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-KP-00438-SCT

*BRUCE A. HUNTER a/k/a BRUCE ALVIN HUNTER a/k/a SILKY*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/22/94 |
| TRIAL JUDGE: | HON. KATHY KING JOHNSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 1/23/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

Bruce A. Hunter appeals the denial of his motion for post-conviction relief in the Circuit Court of Jackson County. The motion was denied under the res judicata provision of the Mississippi Uniform Post-Conviction Collateral Relief Act (the Act). The trial judge held that because the issue raised for post-conviction relief was also raised on direct appeal and affirmed by this Court, res judicata prevented Hunter from pursuing this issue under the Act. The court further stated that if, assuming arguendo, the issue was not precluded by res judicata, the petitioner did not raise the issue of the illegality of his probation sentence under Miss. Code Ann. § 47-7-33 at the time he was placed on probation. Hunter, therefore, took benefit of the sentence he now calls illegal until it was used to enhance his punishment under Miss. Code Ann. § 99-19-81 in indictment 90-10,390. The court then found that Hunter had waived his objection to the sentence and should not be permitted to raise it in his post-conviction relief motion. Hunter specifically appeals in his petition the issue of whether the

prior sentence used to enhance his sentence for burglary was improper under ***Robinson v. State***, 585 So. 2d 757 (Miss. 1991). In ***Robinson***, the Court held that if the sentencing judge knows of a prior felony conviction, he cannot suspend a defendant's sentence and place him on probation. *Id.* at 759.

On February 13, 1989, Hunter was indicted in Cause No. 89-10,071(2) in Jackson County Circuit Court for the crime of carrying a concealed weapon as a convicted felon. On July 24, 1989, the first trial on said charge ended in a hung jury and mistrial.

On October 24, 1989, Hunter petitioned the court to accept a plea of guilty to the weapons charge. The petition recited that a plea bargain had been reached wherein the State would recommend a sentence of five years suspended with five years probation and payment of court costs. The court accepted the plea, found Hunter guilty and sentenced him according to the agreed recommendation. No objection was made to this sentence.

On March 16, 1990, Hunter was charged with violating probation by commission of the crime of burglary, and on April 20, 1990, he was indicted for said burglary as an habitual offender[1] in Cause No. 90-10,390(3) in the Jackson County Circuit Court. Probation was revoked on the weapons conviction, and Hunter was sentenced to serve the five years that previously had been suspended.

At the habitual sentencing hearing, Hunter claimed that the suspended sentence on the weapons charge was null and void under section 47-7-33 and, therefore, could not be used under the habitual statute because said statute required that the defendant be sentenced to one year or more in the penitentiary. The trial court rejected this claim. Hunter appealed to this Court assigning and arguing as an issue that the weapons sentence was void and that the conviction could not be used to enhance punishment under the habitual criminal statute. For authority he relied on section 47-7-3 and ***Robinson v. State***, 585 So. 2d 757 (Miss. 1991). This Court affirmed the conviction and habitual sentence in the burglary case without an opinion and denied Hunter's petition for rehearing. ***Hunter v. State***, 635 So. 2d 1363 (Miss. 1994).

While the appeal was pending, Hunter filed the motion for post-conviction collateral relief that is the subject of the present appeal. As he had on direct appeal in the burglary case, he claimed that the weapons conviction could not be used under the habitual statute because the suspended sentence was invalid under ***Robinson***.

Subsequently, the lower court entered an order denying relief in this cause on the ground that the sole issue presented was barred under the doctrine of res judicata incorporated in § 99-39-21(3) of the Act. Alternatively, the court found that the issue was waived when Hunter did not object to the suspended sentence at the time it was imposed.

Hunter's post-conviction relief motion raised the same issue he appealed directly to this Court, i.e., whether the weapons conviction was invalid because of the alleged invalid sentence. The Court has held that issues assigned on direct appeal and decided adversely to the appellant's position will not be considered on a petition of this nature. ***Wiley v. State***, 517 So. 2d 1373, 1377 (Miss. 1987). The denial of the petition for post-conviction collateral relief is affirmed.

## LOWER COURT'S DENIAL OF POST-CONVICTION COLLATERAL RELIEF AFFIRMED.

**LEE, P.J., PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**

1. The weapons conviction in Cause No. 89-10,071(2) was charged as one of the prior offenses.