# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00199-SCT

*THOMAS K. BYRD*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/20/95 |
| TRIAL JUDGE: | HON. R. KENNETH COLEMAN |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY | LAWRENCE L. LITTLE |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 6/26/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

This appeal arises from a January 20, 1995 order of the Lafayette County Circuit Court denying Thomas K. Byrd's motion for post-conviction relief. On April 3, 1992, Byrd was indicted by a grand jury of the Lafayette County Circuit Court in Cause No. LK92-049 on two counts of automobile burglary pursuant to Miss. Code Ann. § 97-17-33. He entered a plea of guilty to Count II on January 4, 1993. Apparently as a result of the plea bargain agreement, his sentence was based on one count only. He therefore was sentenced to serve seven years in the custody of the MDOC, with most of the sentence suspended.[1] The circuit court accepted the State's recommendation that since he was planning to move out of the state, Byrd should be placed on unsupervised probation. At the hearing, when asked by Judge Lamb about his prior felony record, Byrd acknowledged that he had been charged with possession of stolen goods, also in Lafayette County.

On July 23, 1993, the District Attorney's Office filed a motion charging that Byrd had violated the terms of his probation in Cause Nos. 13,205 and LK 92-049. The petition stated that Byrd had been charged with violation of Miss. Code Ann. § 6-15-93 (sic) for the burglary of a commercial building; that he had had a 380 automatic pistol in his possession; that he had been driving with a suspended license and refused a D.U.I. test; that he had allegedly committed the crime of forgery by cashing checks drawn on King Auto Salvage; and that he also had violated the terms and conditions of his probation in other ways that would be demonstrated at the hearing. Judge Kenneth Coleman entered an order on July 30, 1993, revoking Byrd's probation and sentencing him to serve a prison term of seven years in Cause No. LK 92-049, to run concurrently with the sentence imposed in Cause No.13, 205.

Aggrieved by the circuit court's action, Byrd filed a motion to withdraw his guilty plea and vacate sentence on December 13, 1993 pursuant to the Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 et seq. He asserted that the indictment for automobile burglary in Cause No. LK 92-049 was based on hearsay and that there was no proof to substantiate the charges against him. He further charged that his attorney had provided ineffective assistance in advising him to enter a guilty plea and that his plea was not entered willingly, knowingly or intelligently. In his supplement to the original motion, Byrd challenged the legality of the suspended sentence and probation, given that he previously had been convicted of a felony. The circuit court denied Byrd's motion by order dated January 20, 1995.

Byrd now appeals to this Court, asserting:

> I. THE TRIAL COURT ERRED IN DISMISSING HIS PETITION FOR WRIT OF HABEAS CORPUS REGARDING ERRONEOUS SENTENCE;
>
> II. IT WAS PLAIN ERROR FOR THE TRIAL COURT TO SENTENCE APPELLANT TO SEVEN YEARS SUSPENDED AND PROBATION WHEN DEFENDANT HAD A PRIOR FELONY CONVICTION; AND
>
> III. THE SEVEN YEAR SENTENCE WAS IN VIOLATION OF THE BOTH THE CONSTITUTION OF THE UNITED STATES AND THE MISSISSIPPI CONSTITUTION.

## ARGUMENTS AND DISCUSSION OF THE LAW

The gravamen of each of the three issues raised by Byrd is that, in light of his prior felony record, the circuit court erroneously suspended his sentence on Count II of Cause No. LK 92-049 and placed him on probation. Based on ***Robinson v. State***, 585 So. 2d 757 (Miss. 1991), Byrd asserts that he has been illegally convicted and sentenced and that he should he should be released from his "illegal confinement" or in the alternative, have his case remanded for proceedings consistent with that case. While the State disagrees with Byrd that the circuit court erred in denying his motion for post-conviction relief, it construes ***Robinson*** as putting parties in their original positions; to wit: the State is free to prosecute Byrd on *both* counts of auto burglary with which he was originally charged and to seek the maximum sentence of fourteen years for the two charges.

Miss. Code Ann. § 47-7-33 provides, in relevant part, as follows for probation and suspended sentences:

When it appears to the satisfaction of any circuit court or county court in the state of Mississippi, having original jurisdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in term time or in vacation, shall have the power, after conviction or a plea of guilty, *except* in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or *where the defendant has been convicted of a felony on a previous occasion in any court or courts* of the United States and of any state or territories thereof, *to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided,* except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence. In placing any defendant on probation, the court, or judge, shall direct that such defendant be under the supervision of the department of corrections.

§ 47-7-33 (emphasis added). During the hearing on Byrd's guilty plea, he acknowledged his prior felony record. Nevertheless, the circuit court accepted the plea agreement, suspended Byrd's sentence and placed him on supervised probation.

In **Robinson**, as in the case *sub judice,* the defendant admitted his prior felony record, but the circuit court followed the State's recommendation resulting from a plea bargain and imposed a suspended sentence contrary to the exception set forth in § 47-7-33. Despite a 1972 felony conviction for grand larceny in another county, therefore, Robinson received a three-year suspended sentence and was placed on probation after pleading guilty to possession of marijuana. **Robinson,** 585 So. 2d at 759. The record indicated that he had entered the guilty plea on the inducement that the State would recommend a suspended sentence. **Id.** at 758. Three days after he was sentenced, Robinson again was arrested on drug charges. The first sentence was set aside and he was sentenced to three years in the custody of the MDOC. **Id.**

This Court found that the imposition of a suspended sentence by the circuit court was clearly erroneous; that, knowing that Robinson previously had been convicted of a felony, the order suspending his sentence and placing him on probation was "an act of judicial nullification." **Id.** at 759. It further explained:

> Clearly, § 47-7-33 does not permit suspension of sentence and probation to a defendant with a prior felony conviction. Robinson's suspended sentence and probation was without authority and, therefore, invalid. Because Robinson plead guilty on the improper inducement that he was eligible for a suspended sentence or probation, he is therefore permitted to withdraw his guilty plea and he must be allowed to enter a new plea and offered the opportunity of a new trial. **Vittitoe v. State**, 556 So.2d 1062, 1065 (Miss.1990).

**Id**. Accordingly, the circuit court's order suspending Robinson's sentence and placing him on probation was reversed, his plea of not guilty reinstated, and the case remanded for further proceedings. **Id.**

Where a defendant misled the judge about his prior felony record, this Court affirmed the circuit court's revocation of his suspended sentence and probation. **Hamlin v. Barrett,** 335 So. 2d 898 (Miss. 1976). In that case, when asked by the circuit court about his prior record, Hamlin admitted to a traffic violation, but neglected to mention a felony conviction for armed robbery in New York.

***Hamlin,*** 335 So. 2d at 899. There was conflicting evidence about whether the prosecutor was aware of Hamlin's history when he made his sentencing recommendation to the court. ***Id.*** Stressing that trial judges, prosecutors and defense attorneys must be careful to see that probation is proper pursuant to § 47-7-33 before placing defendants on probation, this Court found that the fact that Hamlin "succeeded in making himself beneficiary to his wrongful withholding of the facts does not entitle him to a reversal or another opportunity to plead to the indictment." ***Id***. at 900.

Based on ***Robinson*** and ***Hamlin***, the circuit court erroneously suspended Byrd's sentence and placed him on probation. Using the approach taken by the ***Robinson*** Court, Byrd would be entitled to withdraw his guilty plea and start anew, which, as the State asserted, would subject him to trial and potentially sentencing on *both* counts of auto burglary, not just the one for which he ultimately was sentenced under the terms of the plea agreement. However, ***Hamlin*** suggests that the circuit court properly exercised its authority in revoking his sentence and reinstating the original sentence concurrent with the sentence for Byrd's subsequent offense. *See also* ***Leonard v. State,*** 271 So. 2d 445, 447 (Miss. 1973)(when a defendant violates the terms of his probation, the circuit court may continue or revoke probation or the suspended sentence or execute the sentence imposed). We find therefore that Judge Coleman's revocation of Byrd's parole and order to serve the original seven-year sentence concurrent to the sentence for the subsequent offense has rectified Judge Lamb's initial error in placing Byrd on probation and suspending his sentence.

## CONCLUSION

In light of his prior felony record, the circuit court should not have suspended Byrd's sentence and placed him on probation. However, the circuit court's revocation of those privileges and reinstatement of the original sentence once a subsequent offense was committed served to rectify the error. Accordingly, we affirm the denial of the circuit court's denial of Byrd's motion for post-conviction relief.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**


1. The record is less than clear as to whether five or seven years of Byrd's sentence was suspended. The probation order and the State's petition showing that Byrd had violated the terms of his suspended sentence both indicate that five years of the sentence was suspended. The Suspended Sentence and Probation Report issued to the Commissioner of the Department of Corrections as well as the appeal briefs indicate that the entire seven year sentence was suspended. At the January 6, 1993 hearing on the guilty plea, the circuit court noted first that Byrd was sentenced to serve seven years and "You will be credited with all time served in jail since November 15, 1991. Which you indicate approximately four (4) months. *The balance will be suspended* . . . ." (Emphasis added.) After explaining the ramifications of entering a guilty plea and ascertaining that Byrd still wanted to so plea, Judge Lamb then said, "He is nodding affirmative with everything I say. Seven (7) year sentence, four months or so credited. *Balance suspended for five years.* You are placed on five years supervised probation." (Emphasis added.)