## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-01011-SCT

*HENRY LAWRENCE, JR.*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 8/7/96 |
| TRIAL JUDGE: | HON. BETTY W. SANDERS |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SOLOMON C. OSBORNE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/18/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/12/98 |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

On April 18, 1996, the defendant, Henry Lawrence, pled guilty to the charge of selling cocaine and was sentenced to eight years in the Mississippi Department of Corrections. On May 14, 1996, Lawrence made a Motion to Withdraw his Guilty Plea. The Circuit Court of Leflore County denied the motion on August 7, 1996. Aggrieved, Lawrence appeals to this Court, assigning as error the following issues:

> **I. WHETHER LAWRENCE SHOULD HAVE BEEN ADVISED THAT AS A CONVICTED FELON HE WAS NOT ENTITLED TO PROBATION OR SUSPENDED SENTENCE.**

**II. WHETHER THE COURT SHOULD HAVE QUESTIONED LAWRENCE REGARDING THE VERSION OF THE FACTS CONTAINED IN HIS PLEA PETITION.**

**III. WHETHER THE DEFENDANT RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL.**

## FACTS

On August 7, 1995, Henry Lawrence was arrested on the 300th block of Palace Street in Greenwood, Mississippi for selling narcotics to an undercover police officer. This was in violation of Mississippi Code Annotated § 41-29-139, which prohibits the sale of specified controlled substances. The 300th block of Palace Street is within 1500 feet of the Wesley United Methodist Church. Section 41-29-142 of the Mississippi Code Annotated is an enhancing statute which provides that any person who violates § 41-29-139 within 1500 feet of a church will be subject to twice the punishment authorized in § 41-29-139.

On April 18, 1996, Lawrence pled guilty to selling cocaine in violation of § 41-29-139. Even though Lawrence entered a guilty plea, he denies that he was selling cocaine. He contends that the substance he sold the undercover police officer was a "dummy" drug and claims that he was selling "dummy" drugs in order to support his own drug habit. The Mississippi Crime Laboratory analyzed the substance and determined that it was in fact cocaine.

Prior to the sentencing hearing, Lawrence's attorney, Leland Jones, entered a list of mitigating factors for the trial judge to consider when sentencing Lawrence. There is no plea bargaining in Leflore County, but after considering these factors, the assistant district attorney decided not to pursue the enhanced penalty provided for in § 41-29-142. These mitigating circumstances included the facts that: Lawrence was a high school graduate with one year of college; Lawrence had completed vocational training as a professional truck driver; he had been gainfully employed since the incident, earning $320.00 a week, which he used to help support his three children and invalid mother; and at the time of the offense Lawrence's father had recently passed away, causing him much grief.

In addition to the mitigating circumstances, the judge took into consideration the fact that Lawrence was already a convicted felon. Approximately two years prior to his current offense, he had been convicted of receiving stolen property and was sentenced to one year of supervised probation. After reviewing these circumstances and facts, the judge sentenced Lawrence to eight years in the custody of the Mississippi Department of Corrections with drug and alcohol rehabilitation as determined necessary by the Mississippi Department of Corrections, attorney's fees, and a fine of $5,000.

On May 14, 1996, Lawrence entered a motion to withdraw his guilty plea, asserting that his guilty plea was induced because he mistakenly believed that he was eligible for a suspended sentence or probation. A hearing was held on this motion on July 16, 1996. At this hearing the judge determined that Lawrence fully understood all of his rights and that his guilty plea was freely and voluntarily given. The judge denied the motion, stating that Lawrence had failed to establish good cause.

## DISCUSSION

## I. WHETHER LAWRENCE SHOULD HAVE BEEN ADVISED THAT AS A CONVICTED FELON HE WAS NOT ENTITLED TO PROBATION OR A SUSPENDED SENTENCE.

Section 47-7-33 (1993) of the Mississippi Code Annotated prohibits suspension of a sentence or probation to a defendant with a prior felony conviction. Thus, as a convicted felon, Lawrence was ineligible for a suspended sentence or probation when he pled guilty to selling cocaine. Lawrence argues that he was unaware of this prohibition. He testifies that he would not have changed his plea from not guilty to guilty if he had been advised that he was facing a mandatory period of incarceration. Lawrence relies on the case of **Robinson v. State**, 585 So. 2d 757 (Miss. 1991). In **Robinson,** this Court held that the defendant could withdraw his guilty plea because the state induced his guilty plea by promising to recommend a suspended sentence. **Robinson**, 585 So. 2d at 758-59. The case *sub judice* is distinguishable from **Robinson.** In that case, the defendant was in a jurisdiction that allowed plea bargaining, and Robinson was induced to plead guilty in reliance on a plea bargain. **Robinson,** 585 So.2d at 758. In the present case Lawrence was sentenced in a jurisdiction that does not allow plea bargaining and the record does not reflect that Lawrence was in any way induced to plead guilty. To the contrary, his attorney, Leland Jones, testified that he never told Lawrence he would receive a suspended sentence and that Lawrence pled guilty on his own initiative. Furthermore, when the judge asked if Lawrence had been promised parole or any form of early release to plead guilty, he replied that he had not.

Lawrence concedes that he was informed of the maximum and minimum sentences that he could receive. However, he asserts that the court should have informed him that he was not eligible for a suspended sentence. He claims that the court's failure to do so results in his plea being unknowingly and involuntarily made. While Lawrence claims that he believed he would receive a suspended sentence, the record does not support his claim. Lawrence replied affirmatively when the judge asked him if he understood that in Mississippi after a certain number of felony convictions a defendant must serve the maximum sentence for the crime of which he is convicted without parole. This indicates that Lawrence knew that with each felony committed the consequences become more severe. The judge also informed him that parole was a right and that he should not plead guilty with the idea that he would be released from prison at any time prior to the completion of the full sentence imposed on him. The judge was very thorough in determining that Lawrence's plea was voluntary and that he knew of the minimum and maximum penalties. Lawrence is not entitled to relief based on this issue.

## II. WHETHER THE COURT SHOULD HAVE QUESTIONED LAWRENCE REGARDING THE VERSION OF THE FACTS CONTAINED IN HIS PLEA PETITION.

Lawrence also contends that the judge should have questioned him about the fact that he stated in his guilty plea petition that he was selling "dummy" drugs. He claims that his attorney told him the sentence for selling counterfeit drugs was the same as the sentence for selling real drugs. There is nothing in the record to support this contention. Lawrence asserts that the judge should have told him the sentences for selling counterfeit drugs differed from the sentence for selling real drugs. He claims that if he had been aware that the sentences were different, he never would have pled guilty. Lawrence contends that when the judge failed to inform him of the different sentences he breached his duty under Rule 8.04(4)(b) of the Uniform Circuit and County Court Rules. Rule 8.04(4)(b) only

requires that the judge insure that the defendant "understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law." URCCC 8.04 (4)(b).

In the case *sub judice,* the trial judge did inform Lawrence of the minimum and maximum penalties of pleading guilty to the sale of a schedule 3 controlled substance. Regardless of the fact that Lawrence wrote in the plea that he was selling a"dummy," he did plead guilty to selling a schedule 3 controlled substance. Furthermore, the Mississippi Crime Lab tested the substance and found that it was in fact cocaine, a schedule 3 controlled substance. Thus, we find that the judge did comply with Rule 8.04(4)(b) and that Lawrence's claim is without merit.

## II. WHETHER THE DEFENDANT RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL.

The test for ineffective assistance of counsel was set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). This Court adopted the *Strickland* test in *Gilliard v. State*, 462 So.2d 710, 714 (Miss. 1985). The *Strickland* test consists of two parts: (1) whether or not counsel's overall performance was deficient; and (2) whether or not the deficient performance, if any, prejudiced the defense. The defendant has the burden of proving both prongs of this test. *Edwards v. State*, 615 So.2d 590, 596 (Miss. 1993).

Lawrence alleges that the assistance he received from counsel was defective in two ways. First, he claims that his attorney erred in not advising him he was ineligible for a suspended or probationary sentence. The record does not support this contention. However, even if there was evidence that Jones failed to advise Lawrence that he was not eligible for a suspended sentence this would still not constitute ineffective assistance of counsel. There is a strong presumption that counsel's conduct falls within a reasonable range of professional assistance. *Cole v. State*, 666 So.2d 767, 775 (Miss. 1995). Jones did advise Lawrence of the minimum and maximum sentences for the crime. He even highlighted the part of the statute regarding the penalty. This Court has held that an attorney must make a "firm representation" to a defendant that the defendant detrimentally relied upon before this Court will grant the petitioner relief. *Sanders v. State*, 440 So.2d 278, 287 (Miss. 1983). Lawrence fails to meet this standard. Not only is there no evidence that Jones made any firm representations, but Jones testifies that he never in any way indicated to Lawrence that he would receive a suspended sentence by pleading guilty. We believe Jones is telling the truth.

Lawrence also claims that his attorney failed to advise him that selling counterfeit drugs was a misdemeanor. He testifies that his attorney told him that the sale of counterfeit drugs carried the same punishment as the sale of real drugs. This contention is not supported by the record.

This Court has held that when the defendant alleges ineffective assistance of counsel in a motion for post conviction relief, it must be alleged with specificity and detail. *Brooks v. State*, 573 So.2d 1350, 1354 (Miss. 1990). The *Brooks* Court went on to hold that when a petitioner's affidavits are the only support submitted to prove facts alleged in a motion for post conviction relief, post conviction relief will not be granted. *Brooks*, 573 So.2d at 1354. In the present case, Lawrence offers no proof other than his own testimony that Jones failed to tell him he was ineligible for a suspended sentence or that Jones told him the sentence for selling "dummy" drugs was the same as the sentence for selling real drugs. For this reason, both of Lawrence's contentions are without merit.

## CONCLUSION

This Court finds no merit among Lawrence's assignments of error, and would therefore affirm the lower court's denial of Lawrence's Motion to Withdraw his guilty plea.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY.**