3 So.3d 760 (2008)
Thomas LITTLETON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2006-CA-01545-COA.
Court of Appeals of Mississippi.
July 22, 2008.
Rehearing Denied December 2, 2008.
Certiorari Denied March 5, 2009.
Guy N. Rogers, Jackson, attorney for appellant.
Office of the Attorney General By Deirdre McCrory, attorney for appellee.
Before KING, C.J., ROBERTS and CARLTON, JJ.
KING, C.J., for the Court.
¶ 1. Thomas Littleton pled guilty in the Circuit Court of Yazoo County to possession *761 of cocaine with intent to distribute and was sentenced to eight years in the custody of the Mississippi Department of Corrections, with two years suspended and, upon release, to five years of supervised probation. Littleton filed a motion to withdraw or set aside his guilty plea and sentence with the circuit court, which was denied. Littleton now appeals.
¶ 2. Littleton raises the following issues on appeal:
I. The trial court erred in not following the plea recommendation of the district attorney.
II. The sentence imposed by the trial court was excessive and disproportionate in relation to the crime.
III. The sentence imposed was grossly disproportionate to the sentences received by other defendants charged with the same or similar crimes in the Circuit Court of Yazoo County during the trial judge's tenure on the bench.

FACTS
¶ 3. On August 15, 2006, Littleton entered a guilty plea to possession with intent to distribute 0.5 grams of cocaine. The plea was taken by the Honorable Mike Smith, who was sitting as a special circuit judge. Judge Smith went through the process and asked the appropriate questions to qualify Littleton's guilty plea. After doing so, Judge Smith accepted Littleton's plea of guilty to possession with intent to distribute 0.5 grams of cocaine. The district attorney recommended that Littleton be sentenced to ten years with two years to serve on house arrest (intensive supervision), followed by one year of supervised probation and payment of all court costs, court-appointed attorney's fees, laboratory fees, and reimbursement of the "buy" money.
¶ 4. After entry of the guilty plea, Judge Smith stated that Littleton did not qualify for house arrest. In response, the district attorney informed Judge Smith that the practice in that circuit court district was to allow defendants charged with the crime of possession with intent to be placed on house arrest. The district attorney also offered to reduce the charge to the lesser-included offense of simple possession in order to allow Littleton to qualify for house arrest. Judge Smith declined this offer from the district attorney. In declining the request of the district attorney to accept a plea to the lesser-included charge of simple possession, Judge Smith stated that he was not going "to slap him [Littleton] on the wrist" and "I'm not going to send a message that if there is something wrong with you, you're going to be a dope dealer and get slapped on the wrist."[1]
¶ 5. Littleton's attorney then asked Judge Smith if he intended to accept the State's recommendation. Judge Smith responded that he would not accept the State's recommendation, and he would not allow Littleton to withdraw his guilty plea. Judge Smith treated the discussion with Littleton's attorney as an ore tenus motion to withdraw Littleton's guilty plea and to request a trial. Judge Smith denied this motion.
¶ 6. Littleton then filed a written motion to withdraw or set aside his guilty plea and sentence, which was denied on August 31, 2006. Littleton has appealed from the denial of this motion.

*762 DISCUSSION
¶ 7. While Littleton casts his issues as sentencing matters, a careful reading of the plea hearing, motions, and briefs indicate that the issue is more one of the process leading to his guilty plea and ultimately to the imposition of the sentence. Normally, this is a matter that is appropriately raised in a motion for post-conviction relief. Therefore, the first issue to be considered by this Court is whether or not it is required to exalt form over substance. This case is before the Court under a fairly unique set of circumstances. The record before this Court is fully developed as to all relevant facts and undisputed as to the process and circumstances leading to Littleton's guilty plea, and ultimately to the imposition of his sentence. Pursuant to Mississippi Rule of Appellate Procedure 28(a)(3), this Court may take note of and address matters of plain error appearing in the record. Accordingly, this Court takes note of this issue as a matter of plain error, and in the interest of judicial economy believes the appropriate course is to treat this matter as a request for post-conviction relief to withdraw a guilty plea.
¶ 8. A negotiated plea agreement between the State and a criminal defendant is a contractual relationship. Allen v. State, 465 So.2d 1088, 1090 (Miss.1985). Whether that relationship actually comes into being must be judged by the same standards as any other contractual relationship. Those standards include: (1) the intent to make an agreement, (2) the capacity to make a agreement, (3) mutual understanding of the agreement, and (4) some consideration for the agreement. Rotenberry v. Hooker, 864 So.2d 266, 270(¶ 13) (Miss.2003). The absence of any of these negates the formation of a contract.
¶ 9. In this case, Littleton and the district attorney had: (1) the intent to make an agreement, (2) the capacity to make an agreement, and (3) a mutual understanding of the agreement. However, what was lacking was the consideration for that agreement. Consideration is defined as "[s]ome right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other." Black's Law Dictionary, 306 (6th ed.2000). Here, Littleton gave up his right to plead not guilty in exchange for the prosecution recommending a sentence of house arrest. Because the law precludes house arrest for a conviction of possession of a controlled substance with intent to sell, pursuant to Mississippi Code Annotated section 47-5-1003(1) (Rev.2004), there was a failure of consideration flowing to Littleton. If the trial court properly applied the law, it could not accept the recommended sentence from the district attorney. In essence, the promise made by the district attorney promised nothing and was, therefore, illusory. Krebs ex rel. Krebs v. Strange, 419 So.2d 178, 182 (Miss.1982) (quoting 1 Corbin, Contracts, § 145 (1952)). An illusory promise cannot be the consideration for a return promise. Id. at 183. Because the consideration was illusory, no valid contract was created. In the absence of the creation of a valid contract, the agreement must be considered an improper inducement to plead guilty in violation of Rule 8.04(A)(3) of the Uniform Rules of Circuit and County Court. Robinson v. State, 585 So.2d 757, 759 (Miss. 1991). Therefore, Littleton should have been allowed to withdraw his guilty plea.
¶ 10. The refusal of the trial court to allow the withdrawal of the guilty plea, where the inducement for the plea was improper, was a clear abuse of discretion. See id. The trial court's refusal to allow the withdrawal of Littleton's guilty plea is reversed, and this matter is remanded to *763 the active trial docket of the Yazoo County Circuit Court.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY DENYING POST-CONVICTION RELIEF IS REVERSED AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
LEE AND MYERS, P.JJ., CHANDLER, BARNES, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. IRVING, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY ROBERTS, J. GRIFFIS, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.
IRVING, J., Specially Concurring:
¶ 12. I agree with the majority that Littleton's conviction and sentence should be reversed and this case remanded to the Circuit Court of Yazoo County. However, I write separately because I believe, in order to achieve that end, a different rationale than the one relied upon by the majority is required.[2]
¶ 13. Littleton pleaded guilty. Therefore, he can appeal only the legality of his sentence. Trotter v. State, 554 So.2d 313, 315 (Miss.1989); Miss.Code Ann. § 99-35-101 (Rev.2007). None of his assignments of error directly address the legality of his sentence. However, issues not addressed in the appellant's brief may be noticed as plain error by this Court. M.R.A.P. 28(a)(3). "[A] finding of plain error is necessary when a party's fundamental rights are affected." Williams v. State, 794 So.2d 181, 188(¶ 28) (Miss.2001) (citing Grubb v. State, 584 So.2d 786, 789 (Miss. 1991)). I believe Littleton has been robbed of his fundamental right not to be deprived of his freedom without due process of law. Stated another way, I believe Littleton's right to both procedural and substantive due process is implicated by the unique facts of this case. Therefore, it is my view that we should address the legality of Littleton's plea of guilty via the plain error doctrine, even though he did not raise that specific issue in his brief.
¶ 14. Littleton was indicted under Mississippi Code Annotated section 41-29-139(a)(1) (Rev.2005) for the sale of .5 grams of cocaine and pleaded guilty to possession of cocaine with intent. The penalty for possession of cocaine with intent to distribute is imprisonment for not more than thirty years and a fine of not less than five thousand dollars nor more than one million dollars, or both. Miss. Code Ann. § 41-29-139(b)(1) (Rev.2005). In exchange for Littleton's pleading guilty to the charge, the State agreed to recommend the following sentence to the trial judge:
On Mr. Littleton, I'm, going to make a recommendation, and . . . I want to come back and say something about him. The recommendation is that he be sentenced to two years in the house arrest program; that he, upon his release, he [sic] be placed on one year of supervised probation. That's a total of three years, with an additional seven years being suspended.
*764 ¶ 15. It is readily apparent that the recommended sentence is illegal because it does not fall within the range of permissible punishments allowed by section 41-29-139(b)(1). There is no doubt that the prosecutor knew at the time he made the recommendation as an inducement to Littleton to forfeit his right to a jury trial that the recommended sentence could not legally be given. Likewise, before the trial court accepted Littleton's plea as being freely and voluntarily given, the court knew that the recommended sentence could not be legally given and that the court was not going to give an illegal sentence, even if it could be convinced for reasons offered by the State that the sentence was acceptable, but for its illegality.
¶ 16. I believe it is, or should be, against public policy for the State to extract a guilty plea from a criminal defendant by offering to make an illegal sentence recommendation. I also believe it is a denial of procedural and substantive due process, as guaranteed by our federal constitution, for the State to cause a criminal defendant to forfeit his constitutional right to a jury trial based on an assumption and perception (both created in the defendant by the State) that the sentence recommendation that the State agrees to make on his behalf can, in the discretion of the court, be legally accepted when in fact it cannot.
¶ 17. The problem, in my judgment, was not cured by the fact that before accepting Littleton's plea, the trial judge extracted an assurance from Littleton that the sole reason that Littleton was pleading guilty was because Littleton was in fact guilty. Nor was it cured by the fact that prior to accepting Littleton's plea, the trial judge informed him that the court "is not part of the plea bargaining process and is not bound by any promise or recommendation made by anyone else."
¶ 18. First, the problem was not cured by Littleton's assurance of guilt because (1) every criminal defense lawyer who has represented a criminal defendant in a plea bargain, (2) every prosecutor who has made a sentencing recommendation, and (3) every trial judge who has accepted or rejected a sentencing recommendation knows that the only reason that the defendant pleaded guilty in exchange for the sentencing recommendation from the prosecutor was the hope and belief that the recommendation might be accepted, not that he in fact was guilty. With all due respect to all involved in the criminal justice process, to suggest otherwise is to engage in intellectual dishonesty. The oath that we took as judges, in my humble opinion, requires that we acknowledge this fact.
¶ 19. Second, the court's admonition regarding the final sentencing arbiter was insufficient to cure the problem because Littleton was still left with the impression and understanding that, although the court was not bound by the recommendation, the court could, in its discretion, accept it, when in fact the court could not, as the court has no discretion to accept an illegal sentence recommendation. Thus, with the court's admonition, Littleton could still cling to a sliver of hope that the court might accept the recommendation, especially since the prosecutor was prepared to go the last mile to convince the court to accept the sentence recommendation. On this point, the record reflects the following:
THE COURT: Well, let me tell you something to talk about. He doesn't qualify for house arrest.
[PROSECUTOR]: Your Honor, we have been doing them on possession with intent. That's why we knocked it down. They have been [taking] them on possession with intent here, but if *765 the Court wants to accept it on the lesser-included offense of simple possession, the State has no objection to that.
THE COURT: Let's look at the Code and make sure.
[DEFENSE ATTORNEY]: You were doing his just then; right?
[PROSECUTOR]: Yes. What I was going to tell you, Your Honor, I'm aware of his physical condition. And his offer would have been different. It's just with the Littleton name around town, the Littleton's have been, it's the dope-dealingest family in Yazoo City. I tell you that to let you know that I don't have any objection to the Court listening to him about his physical disability, and if he wants something less, if the Court deems fit to order it, I have no objection to that. It's because of the Littleton reputation that it was two years house arrest on a first offender, followed by one year supervised probation, with the potential of serving seven years. That's why.
Your Honor, I have got the house arrest officer here.
THE COURT: I want the Code, the Code section. The house arrest Code section.
[PROSECUTOR]: Yes, sir.
THE COURT: I've got a question if he can go on house arrest with intent.
MARTIN:[3] Not supposed to, but if you put down possession, you can. But you're the judge. You can do it if you want to. That's what the policy says. Says that not with intent, just with simple possession. But y'all have a plea now to possession. If the judge orders it, it's okay with me.
THE COURT: Just leave it up to the judge to reconcile his conscience for ordering something that the Code Section says you can't do. Drop that on the judge, huh?
MARTIN: It's up to you, Your Honor. MDOC is not going to fight it.
[PROSECUTOR]: Your Honor, I have a suggestion. I'll stick with the Code. It was .5. It was five-tenths of a gram, which will put him in the two to eight, on a plea of simple possession.
THE COURT: Why have y'all got 30 and a million here?
[PROSECUTOR]: Because it was possession with intent. And in times past, we have been putting them on house arrest because the Court's been ordering it, and that's why. That's the only reason. And I have no objection. In fact, I would ask the Court to find him guilty of the lesser-included offense of simple possession and give him eight years, suspended, conditioned on two years house arrest, followed by one year of supervised probation under the original terms. Is that okay?
THE COURT: We'll come back and talk about him later. Let's go on with your recommendation on Mr. Whitaker.
¶ 20. Based on this record, it seems pretty clear to me that the court recognized immediately that it was being asked to give an illegal sentence that it was not going to give. The question then becomes: did the court have an obligation to reject a guilty plea that it knew was induced by an offer from the State that was illegal. I think it did.
¶ 21. I am fully aware of our supreme court's recent ruling in Callins v. State, *766 975 So.2d 219 (Miss.2008) and my responsibility as a subordinate appellate judge to follow it. However, I believe Callins is neither controlling nor applicable to the issue here. I will say more later.
¶ 22. I also hasten to add that I find no fault with the sentence given by the trial court, as it was within the limits prescribed by statute, but in my view, a lawful sentence must be predicated upon a guilty plea that facially passes constitutional muster. In my judgment, no plea that is extracted in violation of one's due process rights can pass constitutional muster. I have already stated that, in my view, it is a denial of procedural and substantive due process, as guaranteed by our federal constitution, for the State to cause a criminal defendant to forfeit his constitutional right to a jury trial based on an assumption and perception (both created in the defendant by the State) that the sentence recommendation that the State agrees to make on his behalf can, in the discretion of the court, be legally accepted when in fact it cannot.
¶ 23. Returning to Callins, I acknowledge that in Callins our supreme court pointed out that if a trial court is not involved in the plea bargaining process and if the prosecutor makes the agreed upon recommended sentence, the trial court does not err if it does not follow the State's sentencing recommendation, "so long as the sentence imposed is within the maximum limits prescribed by the applicable statute." Callins, 975 So.2d at 229(¶ 23). The crucial distinction between today's case and Callins is that in Callins the issue was not whether the offer of inducement by the State was illegal on its face,[4] but whether the court was bound to accept the recommendation even though the court had informed Callins that the court would not be bound. A subsidiary issue was whether Callins was entitled to an evidentiary hearing to determine whether he had kept his end of the plea agreement.
¶ 24. There is no doubt that the judge in today's case was not bound by the sentence recommendation, and Callins makes that clear. Indeed, he could not even, in his discretion, consider the recommendation, and that is the problem. In a typical plea bargain, a defendant pleads guilty in exchange for a sentencing recommendation that is not laden with a legal impediment to its being accepted. In Callins, no impediment, other than the judge's discretion, stood between the sentencing recommendation and the acceptance of the recommendation by the court. Here, the will of the Mississippi Legislature stands between the sentencing recommendation and the court's ability, not discretion, to accept it. The end result is that, although perhaps not intended, the prosecutor made an illusory sentencing recommendation in exchange for Littleton's guilty plea. I do not believe that a plea made, as here, in exchange for an illusory sentencing recommendation is a facially constitutional plea. Therefore, I believe the trial court was duty bound to reject Littleton's guilty plea and avoid the issue of sentencing altogether.
¶ 25. For the reasons presented, I find that Littleton's guilty plea is violative of public policy, was induced in contravention of his due process rights, and is therefore void. Consequently, I agree with the majority that the case should be returned to the active trial docket of the Yazoo County Circuit Court.
*767 ¶ 26. I conclude by noting that I am very clear as to who is the final arbiter of Mississippi law and my obligation to follow that law as enunciated by our supreme court. Therefore, what I have said here is offered with the fervent hope that our supreme court will take another look at the convoluted plea bargaining process in our state.
ROBERTS, J., JOINS THIS OPINION IN PART.
NOTES
[1] Although it is not in the record, Littleton's brief states that he had both of his legs cut off just below his torso due to an accident many years earlier. Littleton's motion to reconsider also states that he is a paraplegic and has no legs. The trial court does state that Littleton has a disability, which requires extensive care, but the exact nature of the disability is not stated.
[2] I am pleased that the majority has belatedly recognized that its analysis should be grounded on plain error. However, since this separate writing was prepared before the majority chose to incorporate plain error as a part of its analysis, and further, because my analysis still remains different from the majority, I have decided not to withdraw it.
[3] Mr. Martin is not identified in the record, but contextually, it appears that he is either the house arrest officer from MDOC or another prosecutor.
[4] As noted, Littleton does not raise in his brief the legality of the plea agreement. However, it is the issue that I believe judicial notice should be taken and is the fulcrum of this special concurring opinion.