KING, C.J.,
for the Court.
¶ 1. Thomas Littleton pled guilty in the Circuit Court of Yazoo County to posses *761 sion of cocaine with intent to distribute and was sentenced to eight years in the custody of the Mississippi Department of Corrections, with two years suspended and, upon release, to five years of supervised probation. Littleton filed a motion to withdraw or set aside his guilty plea and sentence with the circuit court, which was denied. Littleton now appeals.
¶ 2. Littleton raises the following issues on appeal:
I. The trial court erred in not following the plea recommendation of the district attorney.
II. The sentence imposed by the trial court was excessive and disproportionate in relation to the crime.
III. The sentence imposed was grossly disproportionate to the sentences received by other defendants charged with the same or similar crimes in the Circuit Court of Yazoo County during the trial judge’s tenure on the bench.
FACTS
¶ 3. On August 15, 2006, Littleton entered a guilty plea to possession with intent to distribute 0.5 grams of cocaine. The plea was taken by the Honorable Mike Smith, who was sitting as a special circuit judge. Judge Smith went through the process and asked the appropriate questions to qualify Littleton’s guilty plea. After doing so, Judge Smith accepted Lit-tleton’s plea of guilty to possession with intent to distribute 0.5 grams of cocaine. The district attorney recommended that Littleton be sentenced to ten years with two years to serve on house arrest (intensive supervision), followed by one year of supervised probation and payment of all court costs, court-appointed attorney’s fees, laboratory fees, and reimbursement of the “buy” money.
¶ 4. After entry of the guilty plea, Judge Smith stated that Littleton did not qualify for house arrest. In response, the district attorney informed Judge Smith that the practice in that circuit court district was to allow defendants charged with the crime of possession with intent to be placed on house arrest. The district attorney also offered to reduce the charge to the lesser-included offense of simple possession in order to allow Littleton to qualify for house arrest. Judge Smith declined this offer from the district attorney. In declining the request of the district attorney to accept a plea to the lesser-included charge of simple possession, Judge Smith stated that he was not going “to slap him [Little-ton] on the wrist” and “I’m not going to send a message that if there is something wrong with you, you’re going to be a dope dealer and get slapped on the wrist.”[1]
¶ 5. Littleton’s attorney then asked Judge Smith if he intended to accept the State’s recommendation. Judge Smith responded that he would not accept the State’s recommendation, and he would not allow Littleton to withdraw his guilty plea. Judge Smith treated the discussion with Littleton’s attorney as an ore tenus motion to withdraw Littleton’s guilty plea and to request a trial. Judge Smith denied this motion.
¶ 6. Littleton then filed a written motion to withdraw or set aside his guilty plea and sentence, which was denied on August 31, 2006. Littleton has appealed from the denial of this motion.
*762 DISCUSSION
¶ 7. While Littleton casts his issues as sentencing matters, a careful reading of the plea hearing, motions, and briefs indicate that the issue is more one of the process leading to his guilty plea and ultimately to the imposition of the sentence. Normally, this is a matter that is appropriately raised in a motion for post-conviction relief. Therefore, the first issue to be considered by this Court is whether or not it is required to exalt form over substance. This case is before the Court under a fairly unique set of circumstances. The record before this Court is fully developed as to all relevant facts and undisputed as to the process and circumstances leading to Littleton’s guilty plea, and ultimately to the imposition of his sentence. Pursuant to Mississippi Rule of Appellate Procedure 28(a)(3), this Court may take note of and address matters of plain error appearing in the record. Accordingly, this Court takes note of this issue as a matter of plain error, and in the interest of judicial economy believes the appropriate course is to treat this matter as a request for post-conviction relief to withdraw a guilty plea.
¶ 8. A negotiated plea agreement between the State and a criminal defendant is a contractual relationship. Allen v. State, 465 So.2d 1088, 1090 (Miss.1985). Whether that relationship actually comes into being must be judged by the same standards as any other contractual relationship. Those standards include: (1) the intent to make an agreement, (2) the capacity to make a agreement, (3) mutual understanding of the agreement, and (4) some consideration for the agreement. Rotenberry v. Hooker, 864 So.2d 266, 270(¶ 13) (Miss.2003). The absence of any of these negates the formation of a contract.
¶ 9. In this case, Littleton and the district attorney had: (1) the intent to make an agreement, (2) the capacity to make an agreement, and (3) a mutual understanding of the agreement. However, what was lacking was the consideration for that agreement. Consideration is defined as “[sjome right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other.” Black’s Law Dictionary, 306 (6th ed.2000). Here, Littleton gave up his right to plead not guilty in exchange for the prosecution recommending a sentence of house arrest. Because the law precludes house arrest for a conviction of possession of a controlled substance with intent to sell, pursuant to Mississippi Code Annotated section 47-5-1003(1) (Rev.2004), there was a failure of consideration flowing to Littleton. If the trial court properly applied the law, it could not accept the recommended sentence from the district attorney. In essence, the promise made by the district attorney promised nothing and was, therefore, illusory. Krebs ex rel. Krebs v. Strange, 419 So.2d 178, 182 (Miss.1982) (quoting 1 Corbin, Contracts, § 145 (1952)). An illusory promise cannot be the consideration for a return promise. Id. at 183. Because the consideration was illusory, no valid contract was created. In the absence of the creation of a valid contract, the agreement must be considered an improper inducement to plead guilty in violation of Rule 8.04(A)(3) of the Uniform Rules of Circuit and County Court. Robinson v. State, 585 So.2d 757, 759 (Miss. 1991). Therefore, Littleton should have been allowed to withdraw his guilty plea.
¶ 10. The refusal of the trial court to allow the withdrawal of the guilty plea, where the inducement for the plea was improper, was a clear abuse of discretion. See id. The trial court’s refusal to allow the withdrawal of Littleton’s guilty plea is reversed, and this matter is remanded to *763 the active trial docket of the Yazoo County Circuit Court.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY DENYING POST-CONVICTION RELIEF IS REVERSED AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
LEE AND MYERS, P.JJ., CHANDLER, BARNES, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. IRVING, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY ROBERTS, J. GRIFFIS, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. Although it is not in the record, Littleton's brief states that he had both of his legs cut off just below his torso due to an accident many years earlier. Littleton's motion to reconsider also states that he is a paraplegic and has no legs. The trial court does state that Little-ton has a disability, which requires extensive care, but the exact nature of the disability is not stated.