514 So.2d 325 (1987)
Clovis BRAZILE, III and James R. Ross, a/k/a "Bud" Ross
v.
STATE of Mississippi.
No. 57474.
Supreme Court of Mississippi.
August 26, 1987.
Rehearing Denied November 12, 1987.
Mark S. Howard, W. Vol Jones, Jr., Waynesboro, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Pat Flynn, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and SULLIVAN and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
Appellants were convicted in the Circuit Court of Wayne County for the November 25, 1985, burglary of the Mills Factory Outlet store in Waynesboro. Brazile was sentenced to seven years in the Mississippi Department of Corrections; Ross was sentenced to six years. We reverse and remand for a new trial.
At approximately 2:15 a.m. on November 25, Officer Milton Martin of the Waynesboro Police Department was making his regular patrol when the burglar system at J & B Fashions sounded. On investigation, he found the glass front broken, but the interior of the store undisturbed. When a back-up officer arrived, Martin continued on his rounds to determine if any other store had been burglarized. One half mile from J & B he spotted a car travelling on Highway 45 at a speed of 90-100 miles per hour weaving across the yellow center line. After a 17-mile chase, the car was stopped. Brazile was the driver, Ross was the passenger. New clothing, complete with hangers and price tags, was piled in the back seat of the car and in the trunk. The tags apparently indicated that the clothing came from Mills Factory Outlet, and Martin, on a trip to the store, found illegal entry had been obtained at the store through a window.
Appellants assign three errors; only one merits discussion. Appellants complain of State's Instruction No. 1, which reads:
Any person who, even though not present at the actual commission of a crime, procures, counsels, commands, or aids in some manner another person to commit the crime, is a principal to the crime and punishable as such.

*326 If you find from the evidence in this case beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis consistent with innocence that on or about November 25th, 1985, in Wayne County, Mississippi, the Defendants, Clovis Brazile, III, and James R. Ross a/k/a Bud Ross, arranged for, counseled, and aided each other to wilfully, unlawfully, and feloniously break and enter a building of James Mills and Cecil Mills d/b/a Factory Outlet in which goods and merchandise and other valuable things were kept for use and sale by breaking out a window and Clovis Brazile, III, and James R. Ross a/k/a Bud Ross did wilfully, unlawfully, and feloniously take, steal, and carry away property of James Mills and Cecil Mills d/b/a Factory Outlet following property [sic], to-wit: one hundred fifteen (115) knit sweaters, twenty (20) two piece jogging outfits, twenty-three (23) pair blue jeans, seven (7) jackets, ten (10) pair knit pants, two (2) knit sweaters, and twenty-two (22) pair earrings, then you shall find the defendant Clovis Brazile, III guilty of Burglary. It is immaterial to your verdict whether one or both Defendants was actually present at the time the burglary was committed.
In that event the form of your verdict shall be:
"We, the Jury, find the Defendant, Clovis Brazile, III guilty as charged." and/or
"We, the Jury, find the Defendant, James R. Ross a/k/a Bud Ross, guilty as charged."
The instruction is based on a Model Jury Instruction, inappropriate to this case. First, the instruction is not founded upon the evidence elicited at trial. The case against these appellants was built entirely on circumstantial evidence. The two defendants were found together in a car, stolen merchandise in hand, close to the burglary both in time and place. No evidence indicates that either man was not an actual participant in the burglary. There is no evidence that either of the defendants aided or abetted the other. There was circumstantial evidence which would convince a jury beyond a reasonable doubt that they were both present and actually participated in the commission of the crime. The general rule is that all instructions should be supported by evidence, citation of authority is not necessary.
Second, the wording of the instruction is awkward and misleading on two points: (a) it appears to state that if the jury determines that the appellants in fact committed the burglary, only Brazile shall be found guilty, and (b) the last sentence of the second paragraph seems to infer that neither defendant needed to be present at the burglary to be found guilty.
Because of the inaccurate and confusing nature of this instruction, we conclude that the verdict of the jury must be reversed and the case remanded to the Circuit Court of Wayne County for a new trial.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.