744 So.2d 757 (1999)
Stanley LESTER, Jimmy Wrenn and Martha F. Butler a/k/a Jimmy Wren a/k/a Jimmy Lee Wren a/k/a Martha Faye Butler
v.
STATE of Mississippi.
No. 96-CT-01072-SCT.
Supreme Court of Mississippi.
July 1, 1999.
David Walker, Batesville, Attorney for Appellant.
Office of the Attorney General by Pat Flynn, Attorney for Appellee.
EN BANC.

ON PETITION FOR WRIT OF CERTIORARI
BANKS, Justice, for the Court:

STATEMENT OF THE CASE
¶ 1. Stanley Lester was convicted of accessory before the fact to capital rape and sentenced to eight years in the custody of *758 the Mississippi Department of Corrections. Co-defendant Jimmy Wrenn was convicted of capital rape of a child under fourteen years and given a life sentence, and Martha Butler, the mother of the child, was convicted of accessory after the fact and given a five year sentence. The Court of Appeals affirmed all of the convictions; however, it vacated Lester's sentence and remanded to the trial court for resentencing pursuant to Miss.Code Ann. § 97-3-65(1) (1994). Lester v. State, 726 So.2d 598 (Miss.Ct.App. July 28, 1998) (table). We granted Lester's Petition for Writ of Certiorari to consider a potential discovery violation, potentially erroneous jury instructions, and Lester's sentence. Finding the jury instruction regarding aiding and abetting erroneous, we reverse and remand for a new trial.

I.
¶ 2. Martha Butler was visiting in the home of her boyfriend Stanley Lester on the evening of April 10, 1995, along with her three daughters who were fifteen, thirteen and eleven.[1] Also visiting that night was Lester's eighteen-year-old nephew, Jimmy Wrenn. Butler's three girls were sharing a bed in the mobile home's guestroom when they woke up to a flickering overhead light. The girls testified that Lester was standing inside the door holding either a stick or large switch and flipping the light switch on and off while Wrenn stood next to the bed. Wrenn dragged the thirteen-year-old girl to the floor and raped her. While the rape was taking place, Lester threatened to "whip" all of the girls if the victim did not cooperate. When the fifteen-year-old pleaded for Lester and Wrenn to stop, Lester told her that she would be next. The eleven-year-old was able to escape the room and sought assistance from her mother, who upon entering the room and seeing the attack taking place, retreated from the room. After the attack was over, Butler washed the semen from her thirteen-year-old daughter's body and bedclothes. She told the children that they should have kept the door locked.
¶ 3. Four days later, the oldest daughter told her grandmother Lula Walton what had occurred. Ms. Walton immediately reported the matter to Panola County Department of Human Services. Each of the girls was examined and interviewed by social workers. The girls were subsequently removed from Butler's custody and criminal charges were filed.
¶ 4. Wrenn, Butler and Lester were jointly tried and convicted. They appealed, and the Court of Appeals affirmed the convictions. However, Lester's sentence was vacated and remanded to the circuit court for resentencing pursuant to Miss. Code Ann. § 97-3-65(1) (1994).

II.

A. THE TRIAL COURT ERRED IN GRANTING THE AIDING AND ABETTING INSTRUCTION REQUESTED BY THE PROSECUTION
¶ 5. Over Lester's objection, the trial court gave the State's aiding and abetting instruction, as well as an edited version of his proposed instruction. Lester raised this issue in the Court of Appeals, but it was found to be without merit. He did not raise it in his Petition for Writ of Certiorari; however, the Court finds that granting the State's instruction constitutes plain error; and therefore, we will address the issue. Berry v. State, 728 So.2d 568, 571 (Miss.1999). See also Cohen v. State, 732 So.2d 867 (Miss.1998) (wherein the Court on its own initiative addressed an issue not raised by either party on certiorari).
¶ 6. Lester's proposed aiding and abetting instruction read:
The Court instructs the jury that proof by the State of Mississippi that Stanley Lester stood by while Jimmy *759 Wren had sexual intercourse with [the victim] on April 10th, 1995 without taking steps to prevent it does not alone indicate participation or combination in the act of Jimmy Wren although there is contradicted testimony that Stanley Lester approved of the act done by Jimmy Wren.

The trial court struck the portion of the instruction which has been underlined. We find that it was proper for the trial court to edit the proposed instruction because, as offered, it was an impermissible comment on the evidence. "It is also well established that instructions to the jury should not single out or contain comments on specific evidence. Voyles v. State, 362 So.2d 1236 (Miss.1978); Williams v. State, 354 So.2d 266 (Miss.1978); Scott County Co-op v. Brown, 187 So.2d 321 (Miss.1966); White v. Miss. Power Co., 252 Miss. 97, 171 So.2d 312 (1965)." Duckworth v. State, 477 So.2d 935, 938 (Miss.1985).
¶ 7. The State's instruction which was given read:
The Court instructs the Jury that each person present at the time, and consenting to and encouraging the commission of a crime, knowingly, wilfully, and feloniously doing any act which is an element of the crime, or immediately connected with it, or leading to its commission, is as much a principal as if he or she had with his own hand committed the whole offense.
Therefore, if you believe from the evidence, beyond a reasonable doubt, that the Defendant, Stanley Lester, did wilfully, knowingly, unlawfully and feloniously do any act which is an element of the crime of capital rape or immediately connected with it, or leading to its commission, then and in that event, you should find the Defendant, Stanley Lester, guilty as charged in Count 1.
If the State has failed to prove any one or more of these elements beyond a reasonable doubt then you shall find the Defendant, Stanley Lester, not guilty in Count 1.
¶ 8. In Hornburger v. State, 650 So.2d 510 (Miss.1995), we found that granting a similar instruction offered by the State was error, but deemed it harmless because the other instructions given by the trial court adequately instructed the jury regarding the State's burden to prove every element beyond a reasonable doubt. Hornburger at 515. More recently in Berry v. State, 728 So.2d 568 (Miss.1999), we held that granting such an instruction constituted reversible error, and in so doing we stated:
In this case, however, we find that reading the instructions as a whole did not cure the error resulting from the improper instruction. The jury was in fact informed of the elements of transfer of cocaine and the State's burden of proof in this case in instructions other than S-3. The problem with the offending instruction is that it appears to give the jury an additional option of finding the defendant guilty if she committed only one element of the crime without even finding that the crime was ever completed. Even if the jury read all of the instructions together, they could still be misled into believing that Instruction S-3 was merely another option in addition to the choice of finding that Berry committed all of the elements of the crime herself. We find that the instruction on an accessory in this case was confusing and misleading, and therefore requires reversal. Brazile v. State, 514 So.2d 325, 326 (Miss.1987) ("inaccurate and confusing nature" of instruction requires reversal and remand for a new trial).
Id. at 571.
¶ 9. We find the same infirmities present in the instruction given in this case as were present in the instruction in Berry. The addition of the third paragraph by the State to the instruction in this particular case does not cure its deficiency. Even with the additional language, the fact remains that the instruction was confusing *760 and misleading for the same reasons set forth in Berry. The instruction in question allows a jury to convict based upon a finding that he, Lester, did any act which was an element of the crime without requiring that the jury also find that Lester was "present at the time, and consenting to and encouraging the commission of the crime." The quoted language is the part of the first paragraph which is essential to complete what the jury must find in order to find guilt based upon doing an act which is an element of the crime and that is what is left out of the second paragraph which is the substantive paragraph relating the abstract principle in the first paragraph to the case. There is nothing in the other instructions which cures this. As in Berry, it gives the jury an option to convict Lester based solely upon his doing any act which is an element of the crime without relating that act to liability for the commission of the crime itself by requiring the jury find him to have been present and consenting to and encouraging that crime. The fact the Defendant did not offer a proper aiding and abetting instruction makes no difference. See Hunter v. State, 684 So.2d 625, 636 (Miss.1996). We find the trial court committed reversible error by giving the State's aiding and abetting instruction; and therefore, we reverse and remand for a new trial for only Stanley Lester.
¶ 10. While the fact that we reverse Lester's conviction automatically reverses his sentence, we proceed to discuss the issue in the interest of conserving judicial resources. We note that the Court of Appeals also vacated a sentence under similar circumstances in Winston v. State, 726 So.2d 197 (Miss.App.1998).

B. THE COURT OF APPEALS ERRED IN ORDERING A RESENTENCING OF THE APPELLANT IN ACCORDANCE WITH MISS. CODE ANN. SECTION 97-3-65(1) (REV.1994):
¶ 11. Lester contends that the Court of Appeals erred in reviewing and ultimately vacating the sentence he received as a result of the conviction of capital rape since neither he, nor the State, assigned the sentence he received as error. In Reynolds v. State, 585 So.2d 753 (Miss. 1991), we refused to address an allegation of error raised by the State regarding the appellant's sentence when no cross-appeal had been filed. There we stated:
The state "suggests" that the sentence is incorrect, citing Jones v. State, 523 So.2d 957, 959 (Miss.1988). The Jones case, however, noted that double enhancement, although a proper legislative policy directive, must meet constitutional mandates under Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Without a cross-appeal by the State on this issue, and with an opportunity to the appellant Reynolds to respond to a cross-appeal, this Court does not address this suggestion.
Reynolds at 757.
¶ 12. Court of Appeals erred in reviewing Lester's sentence. Therefore, we reverse and render on this issue.
¶ 13. Because we have found it necessary to reverse, Lester's remaining assignment of error regarding his claim that the trial court erred in finding he exercised peremptory challenges in a discriminatory manner is moot and will not be addressed.

CONCLUSION
¶ 14. The circuit court committed plain reversible error, when it gave the State's aiding and abetting jury instruction. Therefore, the Court of Appeals' judgment and the Panola County Circuit Court's judgment are reversed in part only as to Stanley Lester and this case is reversed and remanded for a new trial consistent with this opinion. We further find the Court of Appeals erred in reviewing and vacating Lester's sentence without the State having filed a cross-appeal.
¶ 15. REVERSED AND REMANDED.
*761 PRATHER, C.J., SULLIVAN, P.J., McRAE, WALLER AND COBB, JJ., CONCUR.
MILLS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, P.J., AND SMITH, J.
MILLS, Justice, DISSENTING:
¶ 16. The majority relies upon our decision in Berry v. State, 728 So.2d 568 (Miss. 1999), which held that an improperly drawn aiding and abetting instruction was reversible error, and attempts, by analogy, to also find reversible error in this case. I disagree, and therefore respectfully dissent. Unlike the Berry case, the instruction given in the instant case added an additional clarifying paragraph. The added paragraph was similar to the language of Hornburger. In Hornburger, 650 So.2d 510 (Miss.1995), we found that the instructions when read together adequately informed the jury. We approved the following language which was given in addition to the objectionable language, "If the State had failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the defendant not guilty." Hornburger, 650 So.2d at 515. The paragraph added in the instant case also instructed the jury that the State must prove all elements beyond a reasonable doubt.
¶ 17. In addition, Lester requested and was given the following aiding and abetting instruction:
The court instructs the jury that proof by the State of Mississippi that Stanley Lester stood by while Jimmy Wren had sexual intercourse with [the victim] on April 10th, 1995 without taking steps to prevent it does not alone indicate participation or combination in the act of Jimmy Wren although there is contradicted testimony that Stanley Lester approved of the act done by Jimmy Wren.

¶ 18. The italicized portion was deleted. Unlike the majority, I find that the final paragraph of the State's instruction along with the instruction requested by Lester cured any inartful drafting, and I would affirm the judgment of the Court of Appeals.
PITTMAN, P.J. AND SMITH, J., JOIN THIS OPINION.
NOTES
[1] The names of the girls will not be used in order to protect their privacy.