758 So.2d 1056 (2000)
Michael Jerome HOLMES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01321-COA.
Court of Appeals of Mississippi.
March 14, 2000.
David Lee Daniels, Tupelo, Attorney for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., DIAZ, AND PAYNE, JJ.
DIAZ, J., for the Court:
¶ 1. The Lee County Circuit Court convicted Michael Jerome Holmes of two counts of grand larceny. Holmes appeals, contending that (1) the trial court erred in granting the State's aiding and abetting instruction, and (2) by limiting his cross-examination of the State's chief witness, his co-indictee, the trial court denied him his right to confront his accusers. Finding no merit in Holmes's contentions, we affirm.

FACTS
¶ 2. On August 1, 1996, Michael Jerome Holmes, Darrell Huddleston, a/k/a Douglas Dillard, and Christopher Shumphert were walking down Goodlett Street in Tupelo. They discussed stealing a car. Shumphert informed the group that when he was in New York, he learned to "pop the switches" of a vehicle, a process akin to "hot wiring." The three then spotted a 1995 green Jeep Cherokee and decided to steal it. Holmes served as the "look-out" while Huddleston and Shumphert broke *1057 into the jeep and started it. Huddleston then drove away in the jeep, with Holmes and Shumphert following. Holmes, Huddleston, and Shumphert repeated the same process four days later when they stole a 1994 Jeep Cherokee from the Tennessee Valley Authority. Holmes again served as the "look-out." The stolen vehicles were recovered approximately two weeks later.
¶ 3. Holmes was indicted on two counts of grand larceny. Following a trial held in the Circuit Court of Lee County, Holmes was convicted on both counts and sentenced to a term of five years in the custody of the Mississippi Department of Corrections on each count, to run consecutively.

DISCUSSION

I. WHETHER THE TRIAL COURT IMPROPERLY GRANTED THE STATE'S AIDING AND ABETTING INSTRUCTION
¶ 4. Holmes claims that the trial court erred in granting the State's aiding and abetting instruction, in violation of Hornburger v. State, 650 So.2d 510 (Miss.1995). According to Holmes, the instruction allowed the jury to convict him of grand larceny in the absence of proof of every element of the crime beyond a reasonable doubt. Moreover, he alleges the instruction did not require that the jury first find he acted "willfully, knowingly, unlawfully, or feloniously" before convicting him of grand larceny. The instruction reads as follows:
Any person aiding, abetting, counseling or procuring the commission of a felony is as guilty as the one who actually committed it. Every person present at the time of and encouraging or assisting the commission of a crime or performing any act which is a part in the crime, or immediately connected with it, with knowledge that such act will cause or allow other elements to be committed, is as guilty as if he had with his own hand committed the entire offense. Therefore, if you believe from the evidence in this case beyond a reasonable doubt that the crime/crimes charged in this case did take place and that MICHAEL JEROME HOLMES was present at the time and place where the crime/crimes was committed, and that he encouraged or assisted in the commission of that crime/crimes or performed any act immediately connected with it/them by acting as a lookout, then he is as guilty as if he had with his own hand committed the entire offense.
If the State has failed to prove any one or more of these elements then you shall find the defendant not guilty.
¶ 5. In Hornburger, the supreme court found a similar instruction improper because it allowed the jury to convict if they found that the defendant had committed any act which was an element of the crime or led to its commission without first finding that the State had proved each element of the crime beyond a reasonable doubt. Id. at 515-16. The objectionable instruction provided that:
The Court instructs the Jury that each person present at the time, and consenting to and encouraging the commission of a crime, and knowingly, willfully and feloniously doing any act which is an element of the crime or immediately connected with it, or leading to its commission, is as much a principal as if he had with his own hand committed the whole offense; and if you find from the evidence beyond a reasonable doubt that the defendant, Gregory Hornburger, a/k/a Greg Hornburger, did willfully, knowingly, unlawfully and feloniously do any act which is an element of the crime of burglary of a building, or leading to its commission, then and in that event, you should find the defendant guilty as charged.
Id. at 514. Because the other jury instructions adequately informed the jury of the requirement that the State prove each element of the crime beyond a reasonable doubt, the court held that the error in *1058 granting the instruction was harmless. Id. at 515.
¶ 6. The court has since assumed a stricter stance, refusing to find harmless error in the granting of so-called Hornburger instructions on accomplice liability. In Berry v. State, 728 So.2d 568(¶ 9) (Miss. 1999), the court held a similar instruction improper because it "appear[ed] to give the jury an additional option of finding the defendant guilty if she committed only one element of the crime without even finding that the crime was ever completed." Moreover, the instructions as a whole did not cure the error. Id. The court explained that "Even if the jury read all of the instructions together, they could still be misled into believing that Instruction S-3 was merely another option in addition to the choice of finding that Berry herself committed all of the elements of the crime herself." Id.
¶ 7. Most recently, the supreme court found reversible error in the granting of an aiding and abetting instruction for the same reasons discussed in Berry. The improper instruction gave the jury the option of convicting the defendant if she committed only one element of the crime without even finding that the crime was ever completed. Lester v. State, 744 So.2d 757(¶ 8) (Miss.1999). The court further found that all of the instructions taken together did not cure the error. Accordingly, it reversed and remanded the case for a new trial. Id. at (¶ 9).
¶ 8. The instruction in the present case does not suffer from the same deficiencies. It does not give the jury the option of convicting Holmes without first finding that the crime was completed. The instruction expressly provides that "if you believe from the evidence in this case beyond a reasonable doubt that the crime/ crimes charged in this case did take place and that MICHAEL JEROME HOLMES was present at the time and place where the crime/crimes was committed, and that he encouraged or assisted in the commission of that crime/crimes or performed any act immediately connected with it/them by acting as a lookout, then he is as guilty as if he had with his own hand committed the entire offense." (emphasis added). The jury could not convict Holmes if he committed only one element of the crime without first finding that the crime was completed.
¶ 9. Holmes further alleges that the instruction is improper because it does not instruct the jury that it must find that he acted "willfully, knowingly, unlawfully, or feloniously" before it may convict him for his acts as an accomplice. The supreme court has not addressed this issue specifically, though Justice Banks's dissenting opinions in both Hornburger and Carr v. State suggest that omission of such language may constitute reversible error. Hornburger, 650 So.2d at 516 (Banks, J., dissenting); Carr v. State, 655 So.2d 824, 863 (Miss.1995) (Bank, J., dissenting). Accordingly, we find that failure to include the language that Johnson acted "willfully, knowingly, unlawfully, or feloniously" may be error.
¶ 10. The State argues that any error in granting the instruction was cured by the other instructions. It points to Instructions 8 and 9 which instruct the jury that it may convict if it finds that "the defendant, MICHAEL JEROME HOLMES, with others, took the property feloniously, with the intent to permanently deprive Deanna McGehee [and TVA] of it ...." (emphasis added). The State claims that when the instructions are read together as a whole, they adequately inform the jury of the law. We agree.
¶ 11. All instructions are to be read as a whole in determining whether the jury was correctly charged by the trial court. Berry, 728 So.2d at 571 (¶ 8). Instructions 8 and 9 cure the absence of the terms "willfully, knowingly, unlawfully, or feloniously" in the aiding and abetting instruction. Therefore, we find that though the granting of the aiding and abetting *1059 instruction may have been error, it did not constitute reversible error.

II. WHETHER HOLMES'S RIGHT TO CONFRONT WITNESSES AGAINST HIM WAS VIOLATED WHEN THE TRIAL JUDGE LIMITED CROSS-EXAMINATION OF THE STATE'S CHIEF WITNESS REGARDING A PRIOR INCONSISTENT STATEMENT
¶ 12. Darrell Huddleston, Holmes's co-indictee, pled guilty to both grand larcenies the day before Holmes's trial. Huddleston testified at trial that Holmes served as the look-out while he and Christopher Shumphert broke into the vehicles. On cross-examination, Holmes's attorney questioned Huddleston about the statement he gave when he entered his plea, asking, "And you stated at that time to his Honor, Judge Russell, that Michael Holmes didn't have anything to do with stealing those cars, didn't you?" The assistant district attorney objected, stating "That's not what he said." The trial judge then informed Holmes's attorney "You can ask him what he stated but don't you state what he stated. Let him give his answer to it, O.K. Unless you've got a record there that you can impeach him with. Ask him a question." Counsel for Holmes then asked Huddleston "What did you state to the Judge in regard to Mr. Holmes yesterday?" Huddleston replied "I said that hehe didn't help us steal anyhe didn't actually break into it, he was just watching out for us while me and Christopher were over at the Jeeps."
¶ 13. We fail to see how the trial judge impermissibly limited cross-examination of Huddleston. Holmes's attorney was allowed to ask Huddleston about the statements he made when he entered his guilty plea. After receiving an apparently unfavorable reply, Holmes's attorney chose to drop the matter altogether rather than continue that line of questioning. We find no error.
¶ 14. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT OF CONVICTION OF TWO COUNTS OF GRAND LARCENY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS ON COUNT I AND FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS ON COUNT II TO RUN CONSECUTIVE TO SENTENCE IMPOSED IN COUNT I, AND TO PAY RESTITUTION IS AFFIRMED. ALL COSTS ARE ASSESSED TO LEE COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. KING, P.J., NOT PARTICIPATING.