BRIDGES, J.,
Dissenting:
¶ 34. With respect to my colleagues in the majority, I would reverse and remand this case to the Circuit Court of Jackson County for a new trial, concluding that the trial court erred when it allowed the jury to consider the aiding and abetting jury instruction offered by the State.
¶ 35. Brooks’s trial counsel vigorously objected to this instruction arguing that it was confusing and misleading. Overruling this timely objection, the trial court gave the State’s aiding and abetting instruction. Brooks believes that the instruction allowed the jury to assume that he knew a crime was being committed or was going to be committed that night and that the instruction incorrectly allowed the jury to find him guilty if he did any act at all that furthered the crimes charged. The State’s instruction that was given read:
The court instructs the jury that each person present at the time and consenting to and encouraging aiding, or assisting in any material manner in the commission of a crime, or knowingly and willfully doing any act which is an ingredient in the crime, is as much a principal as if he had with his own hands committed the whole offense.
The confusing and misleading nature of the instruction and the fact that the instruction assumed the commission of a crime without requiring the jury to find that the crime had been completed lead me to dissent on this issue. Brooks cites Hornburger v. State, 650 So.2d 510 (Miss.1995) and Berry v. State, 728 So.2d 568 (Miss.1999) arguing that the instruction permitted the jury to find him guilty without the State proving all elements of the crime charged.
¶ 36. The majority seems to feel that Hornburger and its progeny do not apply to this particular instruction because it is not identical in form to those instructions cited in the aforementioned line of cases. The essential difference between the various instructions cited in Hornburger, Berry and the instruction offered at Brooks’s trial is obvious. The Hornburger instruction consists of two parts; one paragraph with a statement of the law and a second paragraph essentially applying that statement of the law to the particular factual situation. Brooks’s instruction differs in that the “legal” paragraph was given sans the “factual” paragraph in the instruction. This, the majority believes, leaves the jury with an abstract instruction along the lines of the one cited with approval in Hooker. *227 Hooker v. State, 716 So.2d 1104, 1110 (Miss.1998).
¶ 37. I believe that the driving principle behind the Hornburger line of cases is to alleviate confusion among the jury when the instructions given can be considered incomplete or easily confused. The supreme court’s affirmance of the abstract statement of the law in the jury instructions in Hooker was based upon Pickett v. State, where the Court held that granting an abstract instruction is not reversible error only when the instruction could not confuse or mislead a jury. Hooker v. State, 716 So.2d at 1110 (citing Pickett v. State, 443 So.2d 796, 800 (Miss.1983)). I submit that the abstract nature of Brooks’s instruction is precisely what leads to the confusion. Without the second paragraph applying the law to the facts at hand, the jury is left to reconcile conflicting instructions, both containing correct statements of law. Our supreme court has never strayed from the principle that confusing or misleading instructions requires reversal. Brazile v. State, 514 So.2d 325, 326 (Miss.1987).
¶ 38. In Hornburger, the jury instruction was found to be harmless error when read with other instructions that adequately instructed the jury that the State must prove every element of the crime beyond a reasonable doubt. Hornburger, 650 So.2d at 515. However, the Mississippi Supreme Court held in Berry that granting such an instruction constituted reversible error even when read with the instructions as a whole. Berry, 728 So.2d at (¶ 9). The State argues that the additional language in instructions S-4 and S-6 clearly shows that the jury must find Brooks committed every element of the charged offenses. The language reads as follows, “If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the Defendant not guilty.” The supreme court recently found in Lester v. State that this exact language does not cure the error resulting from the improper instruction. Lester v. State, 744 So.2d 757 (¶ 9) (Miss.1999). The supreme court stated, “[e]ven with the additional language, the fact remains that the instruction was confusing and misleading for the same reasons set forth in Berry.” Id. The circuit court committed plain reversible error when it gave the State’s aiding and abetting instruction.
¶ 39. Therefore, for the above reasons, I would reverse and remand this case for a new trial consistent with the dictates of this opinion.
KING, P.J., and IRVING, J., join this separate opinion.