# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 2000-CP-02087-COA

ORAL ROBINSON                                                         APPELLANT

v.

STATE OF MISSISSIPPI                                                    APPELLEE

DATE OF TRIAL COURT JUDGMENT: 08/16/2000
TRIAL JUDGE:                   HON. THOMAS J. GARDNER III
COURT FROM WHICH APPEALED:     MONROE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        PRO SE
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: JEAN SMITH VAUGHAN
DISTRICT ATTORNEY:             HON. JOHN R. YOUNG
NATURE OF THE CASE:            CIVIL - POST CONVICTION RELIEF
TRIAL COURT DISPOSITION:       POST-CONVICTION COLLATERAL RELIEF DENIED
DISPOSITION:                   AFFIRMED - 2/26/2002
MOTION FOR REHEARING FILED:    3/12/2002; denied 4/23/2002
CERTIORARI FILED:              5/8/2002; granted 8/15/2002
MANDATE ISSUED:

EN BANC.

McMILLIN, C.J., FOR THE COURT:

¶1. Oral Robinson, after being indicted on two counts of sexual battery in the Circuit Court of Monroe County, pled guilty to one count. As a part of the plea agreement, the remaining count was retired to the files. Robinson was sentenced to a term of twenty years; however, the entire sentence was suspended on condition that Robinson comply with certain terms enumerated in the judgment of sentence, one of them being a requirement that he avoid future criminal violations of the law. Robinson was subsequently arrested on three counts of uttering a forgery, and the State sought to revoke Robinson's probation and the trial court, following a hearing on the matter, did in fact revoke probation and order Robinson to serve the remaining portion of his twenty-year sentence.

¶2. Robinson later filed a motion for post-conviction relief alleging a substantial number of different claims which he contends entitle him to have his judgment of conviction set aside. The circuit court denied Robinson any relief on his motion without affording him the opportunity to have an evidentiary hearing to prove the allegations in his motion. Robinson, dissatisfied with the result he obtained before the circuit court, has now brought this appeal. In the required "Statement of the Issues" in Robinson's brief, he outlines six issues in support of his contention that the circuit court erred in denying him relief. Those issues are:

**1. His trial counsel's failure to demand a preliminary hearing constituted ineffective assistance of counsel.**

**2. Trial counsel's performance was constitutionally deficient in that counsel persuaded him to plead guilty even though the victim was prepared to testify that she maliciously accused Robinson of sexual misconduct "out of revenge and retaliation."**

**3. The provisions of the judgment of sentence calling for his permanent banishment from certain counties in Mississippi was an unconstitutional infringement on his right of personal liberty.**

**4. The circuit court erred in revoking his probation based on a charge of subsequent criminal activity at a time before his guilt of the subsequent offenses was lawfully determined.**

**5. The circuit court erred in denying him the opportunity to call witnesses at his revocation hearing and in not providing him with an attorney to represent him at the hearing.**

**6. That his original sentence was illegal in that it contained provisions for release on probation when, under the law, he was ineligible for such release.**

¶3. However, in the argument portion of Robinson's pro se brief, it is apparent that he made no real effort to discuss these separate issues in an orderly fashion. Rather, the argument portion of his brief consists of four "points," some of which are not clearly identifiable with any of the issues listed earlier in the brief. In keeping with standard practice in appellate review, we will confine our consideration to those legal propositions advanced by Robinson for which he has provided support in the form of logically-persuasive argument and, where appropriate, citation to relevant legal precedent. *Hoops v. State*, 681 So. 2d 521, 535 (Miss. 1996) Those issues purported to be raised in the brief which go unmentioned in Robinson's argument will be ignored.

## I.

### Invalid Sentence

¶4. Robinson discusses as his first point for argument what appears to be the sixth issue in his statement of issues. Robinson points out, quite correctly, that, as a prior convicted felon, he was ineligible for a suspended sentence by clear statutory pronouncement contained in Section 47-7-33 of the Mississippi Code. Thus, he contends, he was improperly induced to plead guilty by the promise of a suspended sentence in the circumstance where such a sentence was not authorized under the law. Robinson argues that this renders his sentence invalid, entitling him to withdraw his guilty plea obtained by a promise of leniency to which he was not entitled. Robinson relies primarily on the case of *Robinson v. State,* 585 So. 2d 757 (Miss. 1991), as authority that he should be permitted to withdraw his guilty plea. In the *Robinson* case, the defendant, Wayne Robinson, pled guilty to a marijuana possession charge and was sentenced to three years, all suspended. *Robinson*, 585 So. 2d at 758. Within three days, he was arrested on another charge. *Id.* The circuit court, upon learning of this event, set aside the first sentence and, instead, sentenced Wayne Robinson to serve the entire three year sentence. *Id.* Wayne Robinson challenged the authority of the circuit court to enter the second sentence based on lack of jurisdiction; however, the Mississippi Supreme Court found that claim to be without merit because the second judgment of sentence had been entered in the same term of court as the first. *Robinson*, 585 So. 2d at 758. The supreme court then found Wayne Robinson's

attempted attacks on the second judgment to be "without consequence because the trial court erred in originally suspending the sentence." *Id.* at 759. The court noted Wayne Robinson's ineligibility for a suspended sentence because of a prior grand larceny conviction and, on that basis, declared the first sentence "invalid." *Id.* Finally, concluding that Wayne Robinson was induced to plead guilty in exchange for promise of probation which the law did not allow, the supreme court "permitted [Wayne Robinson] to withdraw his guilty plea and he must be allowed to enter a new plea . . . ." *Id.*

¶5. We find the earlier *Robinson* case to be distinguishable from the case now before us. Wayne Robinson was seeking to force the circuit court to give prospective effect to a sentence that, on its face, was improper under the law. The circuit court, on the other hand, was attempting to alter the terms of Robinson's sentence to deprive him of his liberty, albeit in conditional form, when that offer of liberty was the motivating cause in his decision to plead guilty. Although the opinion notes that the problem with the earlier sentence came to the court's attention because of a subsequent arrest, there is no indication that the State sought to revoke Wayne Robinson's probation under the original sentence. Rather, what happened was that the circuit court attempted to alter the terms of Wayne Robinson's sentence to omit from it any reference of entitlement to probationary release. In that circumstance, the supreme court, in effect, found both the State's and defendant's position legally untenable and concluded that the only proper thing to do was simply start the process over.

¶6. There is a marked difference in the situation faced by Oral Robinson. The State is not attempting to alter the judgment to remove Oral Robinson's right of probationary release. Rather, the record is clear that Oral Robinson enjoyed the benefits of the improperly lenient sentence without interference by the State. Although he remained free for only a period of several months before the State commenced a revocation proceeding, the subsequent proceeding was based on Robinson's own failure to abide by the terms of his conditional release and not on a belated assertion by the State or the trial court that the release itself was improper.

¶7. Therefore, unlike the case of Wayne Robinson, Oral Robinson has enjoyed the full benefit of the unduly lenient sentence and finds himself now incarcerated solely because of his own failure to abide by the terms. There was no attempt to deprive Oral Robinson of the benefit of his probationary release as the trial court attempted in Wayne Robinson's case. Rather, Oral Robinson forfeited that right by his own subsequent criminal conduct. Neither was there any suggestion that his right to probationary release, once discovered to be wrongful, ought to continue in effect. Instead, once the erroneous sentence was discovered (erroneously lenient, it must be remembered, and not erroneously harsh), the error in the sentence had self-corrected by the defendant's own inability to take advantage of a break to which he was not entitled.

¶8. We do not face the situation where the State discovers, after seeing a defendant released on a suspended sentence, that the defendant was not eligible for such release and then attempts to have the defendant incarcerated on that basis alone. In that situation, the right of the defendant to some relief for being unilaterally deprived of a benefit that served as an inducement to his plea would seem to involve different considerations. Exactly what relief the defendant might be entitled to - (a) right to insist on the continuation of his suspended sentence, or (b) to be put to an election of submitting to incarceration or withdrawing his guilty plea, or (c) some other appropriate relief - is a question that may, under the facts now before us, be left to another day.

¶9. Our decision affirms the denial of post-conviction relief to a prisoner whose only complaint is that he received an impermissibly lenient sentence and then, by his own subsequent action, squandered the benefit

of that undeserved lenience. We do not consider that holding to be a radical departure from existing law. The Mississippi Supreme Court has, in different factual situation, permitted a defendant to continue to enjoy the benefit of an improperly lenient sentence even after that improper sentence was discovered. *See Lester v. State*, 744 So. 2d 757, 760 (¶11) (Miss. 1999).

## II.

## Ineffective Assistance of Counsel

¶10. In Point II of his brief, Robinson claims that he was denied his constitutional right of effective counsel to assist in his defense to the charges. In particular, Robinson complains that his attorney failed to insist on a preliminary hearing, and that this deprived him of the right to hear the witnesses against him and, thereby, gather information useful in his defense. It is unclear from Robinson's brief exactly what advantage he expected to gain, except that he later claims in his argument on this point that the alleged victim has since admitted that she was untruthful in her allegations of improper actions by Robinson. We assume that Robinson's contention is that, if required to testify at a preliminary hearing, the victim would have recanted her story at that time, thus avoiding the need for Robinson to enter into plea negotiations with the State.

¶11. Allegations alone in a post-conviction relief motion are insufficient to require a hearing. *McClurg v. State*, 758 So. 2d 473, 477 (¶10) (Miss. Ct. App. 2000). Rather, the critical factual allegations must be supported by the movant's own sworn statement of those facts personally known to him, together with affidavits or other evidence as to how the movant intends to establish critical factual assertions not within his own personal knowledge. *Magee v. State*, 752 So. 2d 1100, 1104 (¶15) (Miss. Ct. App. 1999). Robinson provides no information by which he intended to prove that, had defense counsel only insisted on a preliminary hearing, the State's case would have collapsed when the witness for the State admitted the untruthfulness of her accusations. We do not find error in the circuit court's decision to deny relief on this score without the necessity of hearing.

¶12. Robinson makes other brief general claims that his attorney coerced him into pleading guilty by frightening him with the prospect of a sixty-year sentence if he were tried and convicted. It is the duty of defense counsel to fully advise a defendant of the possible consequences of the various courses of conduct available to him. This necessarily includes outlining the "worst case scenario" of being convicted on all counts and receiving the maximum sentence. Undertaking to inform the defendant of that possibility, while it may prove unsettling to the defendant, does not amount to an act of coercion on the part of defense counsel. We find this contention to be without factual or legal merit.

## III.

## Rights at Revocation Hearing

¶13. Robinson contends that the circuit court committed reversible error when it (a) denied him the assistance of counsel at his revocation hearing, and (b) revoked his probation for subsequent alleged criminal activity when his involvement in that activity was not shown with the necessary certainty. There is no per se right to representation at a revocation hearing. *Riely v. State*, 562 So. 2d 1206, 1209 (Miss. 1990). Robinson points to nothing in this matter that made the question of his revocation so complex or difficult that it would have required representation by counsel to insure the fundamental fairness of the proceeding. To the contrary, it appears that the issue was the rather straightforward one of a subsequent alleged violation of

the criminal laws of the state. Robinson makes no suggestion as to how an attorney could have helped him better prepare to meet and refute this simple issue.

¶14. As to the level of proof necessary to revoke a conditional release based on a claim of subsequent criminal activity, the State's evidence need not show such activity beyond a reasonable doubt. *Crabb v. State*, 55 So. 2d 485, 485 (Miss. 1951). The subsequent activity for which the State sought revocation in this instance involved several charges of uttering a forgery. We have reviewed the transcript of the revocation hearing in which a law enforcement officer gave fairly detailed information indicating Robinson's complicity in issuing one or more forged checks. Based on the lowered standard of proof necessary to revoke a probationer's conditional release, we conclude that this evidence was sufficient to meet that standard.

## IV.

## Incomplete Record

¶15. Robinson, as his final issue, contends that there were several documents indicated to exist on the circuit clerk's docket that are not a part of the record in this appeal. Though he claims that the documents "have language reducing to non habitual," he does not support that contention with any factual evidence. In fact, he further states that he has no knowledge "that they do or should exist."

¶16. It is unclear exactly what point Robinson is attempting to make by this argument. In fact, though it is true that he was indicted as a habitual offender, the judgment of sentence itself entered after his guilty plea does not purport to sentence him under the enhanced provisions of the statute relating to habitual offenders. Therefore, any omission from the record of additional instruments showing the intention of the State not to seek habitual offender sentencing would be harmless error not warranting relief before this Court.

¶17. **THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO MONROE COUNTY.**

> **KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, AND BRANTLEY, JJ., CONCUR. BRIDGES, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MYERS AND CHANDLER, JJ.**

> BRIDGES, J., DISSENTING:

¶18. With respect to my colleagues in the majority, I cannot join in affirming the denial of post-conviction relief based upon Robinson's "squandering the benefit" of an "undeserved lenience." In my opinion, the original sentence was illegal, and therefore, Robinson's post-conviction relief motion should be reversed and remanded for withdrawal of his guilty plea and he should be given the opportunity to enter a new plea.

¶19. Robinson has cited several grounds which he believes caused the sentence imposed by the circuit court to be illegal. The first reason is the sentence he received is in conflict with the requirements of Mississippi Code Annotated section 99-19-81 (Rev. 2000) which deals with the sentences for repeat offenders. Another basis upon which Robinson challenges his sentence is that the trial court revoked the suspended sentence without properly determining whether Robinson was guilty of the alleged charges. Robinson also claims he was denied the chance to properly challenge the evidence offered against him at the

revocation hearing because he did not have the benefit of counsel at the hearing. Robinson argues the State's petition to revoke the suspended sentence was "unlawfully enhanced" [sic] showing malicious intent to prosecute. The State addressed only one issue, and that was whether or not Robinson's guilty plea was knowingly and intelligently given.

¶20. The most important argument Robinson makes is the illegality of his sentence in the face of section 99-19-81 of the Mississippi Code which was not addressed in the State's brief. This statute provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81 (Rev. 2000). Robinson's indictment indicates he was being charged as a repeat offender in accordance with section 99-19-81. The maximum sentence for a person found guilty of sexual battery is thirty years and a ten thousand dollar fine. Miss. Code Ann. § 97-3-101 (Rev. 2000). Robinson pled guilty and was given a twenty year suspended sentence. This is in direct conflict with the previously mentioned statute. Because Robinson was a repeat offender, the trial court could not impose such a sentence because it was not the maximum sentence allowed by law. Following statutory instructions, the only amount of time Robinson could be sentenced to was thirty years with a $10,000 fine. The supreme court has held if a defendant is a repeat offender, then the trial court must sentence the defendant as a repeat offender. *Harris v. State*, 527 So. 2d 647, 651 (Miss. 1988). This is a statutory requirement, and the trial court's failure to follow the sentence makes the imposed sentence illegal.

¶21. In addition, section 99-19-81 prevents any repeat offender from being eligible for a suspended sentence. The trial court is statutorily barred from suspending Robinson's sentence because he was a repeat offender. Furthermore, I agree with the majority and Robinson in their discussion of section 47-7-33 of the Mississippi Code. This statute, which gives the trial court the power to suspend sentences, clearly prevents repeat offenders from having their sentence suspended. Miss. Code Ann. § 47-7-33 (Rev. 2000). These two statutes, as well as the argument above, make the trial court's suspension of Robinson's sentence illegal.

¶22. Because the sentence Robinson was given is erroneous, the question is raised whether or not his guilty plea was knowingly and voluntarily given. The trial court questioned Robinson extensively about whether he appreciated the consequences of his actions, and the trial court found Robinson was knowingly and voluntarily pleading guilty. However, because Robinson pled guilty with the plea agreement in mind, then his guilty plea was improperly induced. This is in keeping with the supreme court case of *Robinson v. State*, 585 So. 2d 757 (Miss. 1991), the case the majority so easily distinguishes from the case at bar. In *Robinson*, the supreme court held because Robinson pled guilty with the mistaken belief he was eligible for probation or a suspended sentence, then Robinson should be allowed to enter a new plea. *Id.* at 759. This is a view which this Court has upheld in the case of *Cooper v. State*, 737 So. 2d 1042, 1045 (¶13) (Miss. Ct. App. 1999), and more recently in *Weaver v. State*, 785 So. 2d 1085, 1087 (¶9) (Miss. Ct. App. 2001). Because the circuit court failed to impose a legal sentence, it was an abuse of discretion for the lower court to deny post-conviction relief. It is my opinion this Court should reverse Robinson's sentence, allow him the chance to withdraw his guilty plea, and grant him a new trial on the charges. As such, I will

not address Robinson's other claims because to do so would be addressing a moot point.

**MYERS AND CHANDLER, JJ., JOIN THIS OPINION.**