BRANTLEY, J.,
for the Court.
¶ 1. In the Circuit Court of Newton County, Stacey B. Posey was convicted of murder. Posey appeals his conviction arguing that the court improperly overruled his challenge for cause of a prospective juror, admitted inadmissible evidence, and failed to give a proposed jury instruction. Finding no error, we affirm.
FACTS
¶ 2. Stacey B. Posey approached his ex-wife in a parking lot as she arrived for work to talk to her about custody of their daughter. An argument erupted and Po-sey, in front of multiple witnesses, pulled a gun from his truck and shot her once in her back. He then walked over to where she lay and shot her in her face. She died as a result of the gunshot wounds inflicted by Posey. Posey admitted that he shot and killed her.
ISSUES PRESENTED
¶ 3. Posey assigned the following errors:
I. WHETHER THE TRIAL COURT COMMITTED ERROR IN DENYING POSEY’S CHALLENGE FOR CAUSE OF A PROSPECTIVE JUROR.
II. WHETHER THE TRIAL COURT COMMITTED ERROR BY ADMITTING PHOTOGRAPHS OFFERED BY THE STATE.
III. WHETHER THE TRIAL COURT COMMITTED ERROR BY ADMITTING A CONSENT FORM AND THE EVIDENCE AS A RESULT OF THE SEARCH FROM THE CONSENT.
IV.WHETHER THE TRIAL COURT COMMITTED ERROR BY OVERRULING POSEY’S OBJECTION TO THE ADMISSION OF HIS STATEMENT TO LAW-ENFORCEMENT OFFICERS, AND ONCE IN EVIDENCE WHETHER ERROR WAS COMMITTED BY FAILING TO GIVE A JURY INSTRUCTION.
ANALYSIS
I. WHETHER THE TRIAL COURT COMMITTED ERROR BY DENYING POSEY’S CHALLENGE FOR CAUSE OF A PROSPECTIVE JUROR.
¶4. Posey asserts that the trial court committed reversible error in refusing to strike a prospective juror for cause and such refusal denied him a fair and impartial trial. The trial court denied Po-sey’s challenge for cause of a prospective juror whose cousin was related to the victim. Posey then struck this prospective juror peremptorily. When the jury was selected, Posey had not exhausted all of his peremptory challenges.
¶ 5. The Mississippi Supreme Court has held:
[A] prerequisite to a claim of a denial of constitutional rights due to denial of a challenge for cause is a showing that the defendant had exhausted all of his peremptory challenges and that the incompetent juror was forced by the trial court’s erroneous ruling to sit on the jury. Chisolm v. State, 529 So.2d 635, 639 (Miss.1988).
Edwards v. State, 737 So.2d 275, 309 (¶ 69) (Miss.1999).
¶ 6. The Mississippi Supreme Court also ruled in Edwards, “[s]o long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean that the defendant was denied his constitu *318 tional rights.” Id. (citing Ross v. Oklahoma, 487 U.S. 81, 88, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988)).
¶ 7. In the present case, Posey cannot make a showing that he was denied a fair and impartial trial because he had not exhausted all of his peremptory challenges when the jury was finally selected. Finding no error, this issue is without merit.
II. WHETHER THE TRIAL COURT COMMITTED ERROR BY ADMITTING PHOTOGRAPHS OFFERED BY THE STATE.
¶ 8. Posey asserts that the trial court erred in admitting five photographs into evidence which he contends were gruesome and served only to prejudice and inflame the jury.. The photographs were introduced during the testimony of two of the State’s witnesses.
¶ 9. The admissibility of photographs rests within the sound discretion of the trial court. Jackson v. State, 684 So.2d 1213, 1280 (Miss.1996). Moreover, the decision of the trial judge will be upheld unless there has been an abuse of discretion. Westbrook v. State, 658 So.2d 847, 849 (Miss.1995). “The discretion of the trial judge runs toward almost unlimited admissibility regardless of the gruesomeness, repetitiveness, and the extenuation of probative value.” Walters v. State, 720 So.2d 856, 861 (¶ 12) (Miss.1998).
¶ 10. The two guidelines for admission of “gruesome” photographs are: “(1) whether the proof is absolute or in doubt as to the identity of the guilty party, as well as (2) whether the photographs are necessary evidence or simply a ploy on the part of the prosecutor to arouse the passion and prejudice of the jury.” McNeal v. State, 551 So.2d 151, 159 (Miss.1989). Furthermore, the Mississippi Supreme Court held, “[s]ome ‘probative value’ is the only requirement needed to buttress a trial judge’s decision to allow photographs into evidence.” Parker v. State, 514 So.2d 767, 771 (Miss.1986).
¶ 11. In Westbrook, the Mississippi Supreme Court found, that photographs of a victim have evidentiary value when they aid in describing the circumstances of the killing; describe the location of the body and cause of death; or supplement or clarify witness testimony. Westbrook, 658 So.2d at 849. In the present case, after hearing the arguments as to the admissibility of these photographs, the trial court conducted a Mississippi Rule of Evidence 403 balancing test weighing the prejudicial damage against the probative value and specifically found “the photographs are relevant and [that]'they have value.”
¶ 12. The trial judge reviewed the photographs and carefully weighed the probative value of the evidence against its potential of prejudice to Posey. We find that the trial judge was correct in finding some probative value in each of these photographs. Holland v. State, 705 So.2d 307, 350 (¶ 186) (Miss.1997). Additionally, since the photographs were deemed necessary evidence to corroborate the testimony of the witnesses for identification, cause of death, and circumstantial purposes, the judge concluded that the pictures were not offered to arouse the passion and prejudice of the jury. Accordingly, the lower court did not abuse its discretion in admitting the photographs. Thus, this assignment of error is without merit.
III. WHETHER THE TRIAL COURT COMMITTED ERROR BY ADMITTING A CONSENT FORM AND THE EVIDENCE WHICH WAS A RESULT OF THE SEARCH FROM THE CONSENT.
¶ 13. Posey contends that the trial court committed error in overruling his objections to the admission of the consent form that he signed, and to the pistol *319 found as a result of the search of his truck. At trial, Posey objected when the State offered the consent form into evidence on the grounds that the “[State] hasn’t laid the proper predicate for the introduction of this consent to search specifically for the evidence I assume he intends to offer as a result of this consent.” The trial court ruled that the consent to search form focused on a gun in plain view.
¶ 14. Posey now argues that according to the consent form, Don Collins was the only person authorized to conduct a search, not Randy Johnson. Furthermore, Posey argues on appeal that neither Don Collins nor Randy Johnson testified that Posey understood his right to refuse to consent to the search.
¶ 15. Posey did not make either of these arguments a ground of his objection at trial; therefore, he waived his right to raise these issues on appeal. McNeal v. State, 617 So.2d 999, 1005 (Miss.1993). Thus, this assignment of error is procedurally barred.
IV. WHETHER THE TRIAL COURT COMMITTED ERROR BY OVERRULING POSEY’S OBJECTION TO THE ADMISSION OF HIS STATEMENT TO LAW ENFORCEMENT OFFICERS, AND ONCE IN EVIDENCE WHETHER ERROR WAS COMMITTED BY FAILING TO GIVE A JURY INSTRUCTION.
¶ 16. Posey was apprehended after the shooting at Baptist Hospital in Hinds County. Posey was given the Miranda warnings at the time of his arrest. At trial, the investigator testified that while en route from the hospital back to Newton County, Posey made a spontaneous incriminating statement.[1] Posey objected, arguing that the State did not present clear evidence that he was warned of all of his Miranda rights and clearly understood them. The court ruled that the statement was an unsolicited, spontaneous remark, and that Miranda did not apply because the statement was not made as a result of questioning. Posey first contends that the trial court committed reversible error in allowing this volunteered statement into evidence.
¶ 17. The Mississippi Supreme Court has held that:
[A] confession or statement relating to culpability may be admitted into evidence if it is given freely and voluntarily, and without the influence of promises or threats. Pinkney v. State, 538 So.2d 329, 342 (Miss.1988).... A volunteered statement, voiced without prompting or interrogation, is admissible in evidence if made prior to the warning and of course if it were voluntarily and spontaneously made subsequent to [the Miranda warning ], it would remain admissible in evidence. Burge v. State, 282 So.2d 223, 226 (Miss.1973). Furthermore, this Court has said an officer is not required to turn a “deaf ear” to such statements. Burge, 282 So.2d at 226. This Court will not reverse a trial court’s finding regarding the admission of a [culpable statement] unless it is manifestly wrong. Lockett v. State, 517 So.2d 1317, 1328 (Miss.1987).
Ricks v. State, 611 So.2d 212, 214 (Miss.1992) (emphasis added).
¶ 18. The evidence supports the trial judge’s finding that the statement was voluntarily and spontaneously given without coercion or interrogation from the investigators. The statement was spontaneous and not prompted within the meaning of Miranda; therefore, suppression of the *320 voluntary statement was not required. Thus, this issue has no merit.
¶ 19. Finally, in this assignment of error, Posey also argues that the trial court committed error in refusing to grant his requested jury instruction, D-9, which would have told the jury that they were to “consider the alleged confession” and determine whether the statement was truthful, accurately recorded, understood by the defendant, and made without coercion or promise. The trial court found that the instruction would be confusing to the jury because it referred to Posey’s “confession” when in fact Posey’s remarks were not a confession. The statement was offered only as a motive for the killing because nothing in the statement could be construed as a confession.
¶ 20. The Mississippi Supreme Court has repeatedly condemned confusing and misleading instructions. Holmes v. State, 483 So.2d 684, 686 (Miss.1986). In addition, inaccurate and confusing instructions can constitute reversible error. Brazile v. State, 514 So.2d 325, 326 (Miss.1987). Thus, we find that the trial court did not err in excluding jury instruction D-9.
¶ 21. THE JUDGMENT OF THE NEWTON COUNTY CIRCUIT COURT OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.

. According to Officer Johnson, Posey had begun to cry, and had then spontaneously stated something to the effect that he didn't know what to do; that his ex-wife had told the welfare department that he had not properly cared for their daughter, and that he would not just let her take their daughter away from him.