CHANDLER, J.,
for the court.
¶ 1. On May 3, 2001, Yvonna Meadows was tried for the sale of cocaine and conspiring to sell cocaine before a Lee County Circuit Court jury. She was found guilty on both counts. Meadows was sentenced to serve a term of thirty years for the sale of cocaine and a term of twenty years for conspiring to sell cocaine, both sentences to be carried out concurrently in the custody of the Mississippi Department of Corrections.
¶ 2. Feeling aggrieved by the convictions against her, Meadows appeals to this Court and raises two assignments of error. Firstly, she argues that her due process rights were violated because the prosecution amended the indictment to seek habitual offender status on the day of trial. Meadows also argues that the trial court erred in granting the State’s aiding and abetting jury instruction because it failed to correctly inform the jury of the relevant law. Finding no error, we affirm.
FACTS
¶ 3. On or about May 10, 2000, undercover agent Ray Blaylock went to the home of Joy Graves in Tupelo, Mississippi, to purchase drugs from her. Meadows was at Graves’ home at the time. Meadows accepted one hundred dollars from Blaylock and left to obtain the drugs. When Meadows returned to Graves’ home, she placed a small piece of paper containing the drugs under a place mat on the dining room table. Blaylock was standing near- the table at the time. He took the drugs and Meadows left soon thereafter.
LAW AND ANALYSIS
I. WHETHER THE RE INDICTMENT OF MEADOWS AS AN HABITUAL OFFENDER WAS A PRODUCT OF PROSECUTORIAL VINDICTIVENESS DESIGNED TO VIOLATE MEADOWS’ DUE PROCESS RIGHTS AND RIGHT TO TRIAL BY JURY.
¶ 4. Meadows argues that the State violated the Mississippi constitutional protection of due process and the right to trial by jury when it sought to amend the indictment to reflect habitual offender status on the morning of trial. She maintains that the State could not constitutionally amend the indictment because she refused to accept the plea bargain offer made to her by the State.
¶ 5. This issue is without merit for two reasons. First, in Grant v. State, 762 So.2d 800(¶ 20) (Miss.Ct.App.2000), this *860 Court stated, “an objection on one or more specific grounds constitutes a waiver of all other grounds.” The Court further stated “an objection at trial cannot be enlarged in a reviewing court to embrace an omission not complained of at trial.” Id. (quoting Brown v. State, 682 So.2d 340, 350 (Miss.1996)). At trial, Meadows objected to the re-indictment on the grounds of insufficient proof of the prior convictions and because the State was seeking to amend without first presenting the issue to the grand jury. On appeal, she argues that her due process rights and right to trial by jury were violated by the re-indictment. We are not obligated to review this issue; however, notwithstanding the procedural bar, this issue is without merit.
¶ 6. The Mississippi Supreme Court considered a case with similar issues in Graves v. State, 492 So.2d 562, 566-67 (Miss.1986). In Graves, the court quoted with approval from Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). In Bordenkircher, the United States Supreme Court held that the due process clause of the United States Constitution was not violated when the prosecutor threatened to re-indict the defendant on more serious charges if he refused to accept the plea bargain offer made to him. Bordenkircher, 434 U.S. at 364-65, 98 S.Ct. 663. The Court stated, “this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor’s interest at the bargaining table is to persuade the defendant to forgo [sic] his right to plead not guilty.” Id.
¶ 7. As stated in Graves, “for an agent of the State to pursue a course of action whose objective is to penalize a person’s reliance on his legal rights is patently unconstitutional.” Graves, 492 So.2d at 567; Chaffin v. Stynchcombe 412 U.S. 17, 32-33, n. 20, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973). “But in the ‘give-and-take’ of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution’s offer.” Graves, 492 So.2d at 567 (quoting Bordenkircher, 434 U.S. at 363, 98 S.Ct. 663). See also Heatherly v. State, 773 So.2d 405(¶ 9) (Miss.Ct.App.2000).
¶ 8. In the case sub judice, Meadows’ due process and trial by jury rights were not violated. She was informed that the State would seek to add the habitual offender status if she did not agree to the plea bargain. This course of action was within the parameters allowed by relevant case law cited above.
II. WHETHER THE TRIAL COURT ERRED IN GRANTING THE STATE’S AIDING AND ABETTING JURY INSTRUCTION.
¶ 9. Meadows argues that the trial court erred in granting the State’s aiding and abetting jury instruction. She maintains that because the instruction did not include the words “wilfully, intentionally or feloniously,” the jury was not properly instructed as to the law. The instruction in question reads as follows:
Any person knowingly aiding, abetting, counseling or procuring the commission of a felony is as guilty as the one who actually committed it. Every person present at the time of and encouraging or assisting the commission of the crime or performing any act which is part of the crime, or immediately connected with it, is as guilty as if she had with her own hand committed the entire offense. Therefore, if you believe from the evidence in this case beyond a reasonable doubt that the crime charged in this case did take place and that Yvonna Meadows was present at the time and place where the crime was committed, and that she encouraged or assisted in *861 the commission of that crime or performed any act immediately connected with it, then she is as guilty as if she had with her own hand committed the entire offense. This instruction applies only to the charge of sell, transfer, or distribution of cocaine and not to the conspiracy charge in Count II.
¶ 10. This issue has not been specifically resolved by the Mississippi Supreme Court; however, there is the indication that the State’s failure to include the terms wilfully, intentionally or feloniously in the instruction may have been error. Holmes v. State, 758 So.2d 1056(¶ 9) (Miss.Ct.App.2000). However, it was not reversible error. Id.
¶ 11. The State argues that any error was corrected by the other instructions given to the jury. Id. at (¶ 10). The State specifically points to instruction number eight. That instruction states in pertinent part, “[i]f you find from the evidence in this case beyond a reasonable doubt that the defendant, Yvonna Meadows did knowingly, wilfully and feloniously, acting alone or with another, sell, transfer, or distribute to Ray Blaylock a quantity of cocaine.... ” (emphasis added). The State maintains that when the instructions are read together as a whole, they correctly instruct the jury.
¶ 12. When reviewing claims of error in the manner in which the jury was instructed, an appellate court does not review single instructions in isolation. Chatman v. State, 761 So.2d 851 (¶ 16) (Miss.2000). Rather, our duty is to review the instructions in their totality to determine if the jury was properly instructed on the law pertaining to the case. Id. After a review of all the instructions given in this case, it is clear that the jury was properly instructed as to the relevant law. As such, this issue is without merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY OF CONVICTION OF COUNT I, SALE OF COCAINE AND SENTENCE OF THIRTY YEARS AND COUNT II, CONSPIRACY TO SELL COCAINE AND SENTENCE OF TWENTY YEARS IS AFFIRMED. SENTENCES ARE TO BE SERVED CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT BENEFIT OF PAROLE OR PROBATION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.